McHATTON, Appellant, *v.* GIRARD, Respondent.

(No. 2,855.)

(Submitted June 7, 1910. Decided June 15, 1910.)

[109 Pac. 704.]

*Attorneys' Fees—Evidence—Insufficiency—New Trial.*

1. *Held,* that the evidence introduced in an action to recover an attorney's fee was insufficient to justify a verdict in favor of plaintiff, and that defendant was entitled to a new trial as a matter of right.

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

Action by John J. McHatton against Louis Girard. From an order granting defendant a new trial, plaintiff appeals. Affirmed.

*Mr. John J. McHatton* filed a brief and argued the cause *pro se.*

In behalf of Respondent, there was a brief and oral argument by *Mr. J. L. Wines.*

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought by John J. McHatton and John W. Cotter, as copartners doing business under the firm name of McHatton & Cotter, to recover the sum of $2,166.55, alleged to be due as a balance on an account for services rendered by them as attorneys, and for moneys disbursed for costs and expenses at the special instance and request of defendants. After the action was commenced, Cotter died, and thereafter it proceeded in the name of McHatton as surviving partner. The defendants deny that the services were rendered or that they were reasonably worth the amounts charged, or that any moneys were paid out by the plaintiffs at their instance and request. It is also alleged that prior to the commencement of the action all claims and demands of every kind held or owned by the copartnership or by McHatton, the surviving partner, had been fully paid and discharged. At the trial plaintiff on his own motion dismissed the action as to the defendant Société Anonyme des Mines de Lexington (hereafter referred to as the French company), and the court directed a nonsuit as to the defendant Rueger. The jury returned a verdict against defendants Berthemet and Girard for the full amount claimed to be due, and judgment was entered accordingly. This appeal is from an order granting the defendant Girard a new trial. The ground of the motion was insufficiency of the evidence to justify the verdict. Counsel for plaintiff contends that the court abused its discretion in granting the order. After an examination of the somewhat voluminous record, we are of the opinion that Girard was entitled to a new trial as a matter of right, because the evidence furnishes no substantial basis for a verdict against him.

Prior to 1896 the French company was a corporation, organized and existing under the laws of the Republic of France. It was the owner of mining property in Silver Bow county. The defendant Rueger was its agent in the state of Montana, and had charge and control of its property. During the year 1897 the company went into liquidation, and on June 30, 1897, the defendant Berthemet became the owner of all of its property by conveyance by the trustee having charge of the liquidation. Berthemet thereafter leased the property to Rueger. Rueger also had a general power of attorney from Berthemet, authorizing him to do everything in connection with the property which Berthemet might himself do. Berthemet held the title until May 17, 1902, when he conveyed to the defendant, Girard. Rueger thereafter had a general power of attorney from Girard. This defendant and Berthemet both reside in Paris, France, and, so far as appears from this record, never were in the United States. When Berthemet succeeded to the property, an action was pending against the French company for damages claimed by the Butte & Boston Mining Company, a Montana corporation, for trespass by the French company upon its property. In this action the Butte & Boston Company had secured a judgment. A new trial having been awarded to the French company, an appeal had been taken by the plaintiff to this court. Pending the appeal, Rueger, acting for Berthemet or the defendant French company, employed John W. Cotter to appear for the defendant. This he did. The order was affirmed on April 11, 1899. (*Butte & Boston Min. Co.* v. *Société Anonyme des Mines de Lexington,* 23 Mont. 177, 75 Am. St. Rep. 505, 58 Pac. 111.) For this service Cotter made a charge of $750. At the beginning of the year 1899, Cotter had entered into a copartnership with the plaintiff, and the charge for this service was entered upon the copartnership books under date of October 4, 1899. As originally made, the charge was against the French company. Afterward the name of Berthemet was added to the title of the account. Thereafter all the charges were made against the French company and Berthe-

met jointly. When the appeal was disposed of, Rueger told Cotter that, if the case should be tried again, he, Cotter, would be expected to conduct the trial for defendant, and requested him to do so. The case was never tried. In the meantime other litigation arose with reference to the property. The firm was employed by Rueger, for Berthemet, to attend to all of this litigation, the employment being made from time to time as occasion arose, through Mr. Cotter. The litigation was conducted by Mr. Cotter personally, Rueger rarely meeting Mr. McHatton or having any consultation with him. After defendant Girard became the owner of the property by conveyance from Berthemet, Rueger continued to manage it. At this date all the litigation had been finally disposed of, except the *Butte & Boston Case* and a case entitled *Berthemet* v. *Holbrook et al.* The record does not disclose definitely what disposition was ever made of the former. In the latter there had been a trial as to some of the defendants, and judgment had been rendered and entered for the plaintiff. During the months following up to October judgments in favor of the plaintiff were rendered and entered against all of the remaining defendants, some of them after trial and others upon stipulation. The last was entered on October 4.

The charges on the books of the firm began with the year 1899, though four items appear to have been transferred from Cotter's individual books, which had been charged in 1898. The full amount of all the items charged for all purposes at the end of the *Holbrook Case* was $3,832.65. Of this sum items footing up $2,593 were charged subsequent to May, 1902. These are $2,000 charged for service in the *Holbrook Case*, on July 23, $50 charged for services in a case entitled the *City of Walkerville* v. *Rueger*, on the same date; $500 charged as retainer in the *Butte & Boston Case*, on November 3; $10 for personal advice given to Rueger, charged on August 25; and $33 made up of items of fees paid to the clerk and a witness, at various dates during the year. These latter charges were for payments made ostensibly during the progress of the *Holbrook Case*. The items of credit consist of payments made from April 13, 1900,

to September 10, 1902, and amount in all to $1,685. Of the items charged subsequent to May 17, 1902, the fee of $50 in the case of *Walkerville* v. *Rueger* was for services rendered in a case in which a son of defendant Rueger was defendant, and had been disposed of finally two years before Girard became the owner of the property. So that it appears that the sum for which recovery is sought is the balance of the fee charged in the *Holbrook Case,* the retainer charged in the *Butte & Boston Case,* and the fees paid during the latter part of the year 1903. Employment in both of these cases had been made by Berthemet, through Rueger, over three years before Girard became the pur- chaser. And while it appears that Rueger was acting after May 17, 1902, as the general agent for Girard, there is no evidence in the record which lends support to the conclusion that when Girard became the purchaser, he agreed with Berthemet or with the firm of McHatton & Cotter, either directly or indirectly, to assume the liabilities of the former to the latter and discharge them. On the contrary, Rueger testified, in substance, that it was understood between him and Cotter, whom he consulted almost exclusively, that Berthemet was to pay all the expenses of the litigation. If Cotter so understood the contract of employ- ment, then Berthemet alone is chargeable. In the absence of this understanding, he alone is still chargeable. The retainer in the *Butte & Boston Case* became due and payable at the time the firm was retained; and liability to pay for services in the *Holbrook Case,* however long it continued, and all outlay made in that connection, attached to Berthemet. These liabilities could not be shifted from Berthemet to Girard by the mere volition of the attorneys without some agreement, express or im- plied, on the part of the latter, even though he received benefit from their services.

It is entirely apparent from this brief résumé of the evidence adduced at the trial that a judgment against Girard for the balance of plaintiff's account could not be sustained upon any sound principle. The order is affirmed.

*Affirmed.*

Mr. Justice Smith and Mr. Justice Holloway concur.