There are three appeals in this matter, all arising out of an order afterwards merged in a judgment allowing respondent Jere A. Clifford, a devisee under the will of Elizabeth D. Baxter, deceased, an attorney's fee for resisting the revocation of an order admitting the will to probate. The three appeals will be treated as one.
The testatrix was a sister of James L. Hamilton, who died at Butte in April, 1930, leaving an estate appraised at over $2,000,000. Testatrix died in that city on February 23, 1931. Upon the assumption that she was the sole heir of her brother, her estate was appraised at a value in excess of $1,500,000.
The last will and testament of Elizabeth D. Baxter, dated May 5, 1930, gave Louise Frances Stahl, a minor, one-fourth of all property of which testatrix died seised or possessed, *Page 260 
excepting only the Windsor Hotel building and the lots on which the same is situated, in Butte, devised to Jere A. Clifford. The will provides the following bequests: To C.F. Walker, of Anaconda, Montana, $5,000; to Clara Sherman, for her education, $2,500; to Joe Poor, daughter of Archie and Johanna Poor, of Livingston, Montana, for her education, $2,500; to Godfrey Jones, $5,000; to Oris Bryant Smith, $5,000; and to H.H. Mackinson, $1,500. Andrew J. Davis, of Butte, was nominated executor. Before the subscription clause the testatrix inserted the following: "At the time of the execution of this will I have not decided what disposition I will make of the balance of my estate not herein devised or bequeathed, and leave the same for future consideration."
The will was admitted to probate on March 6, 1931, and on that day letters testamentary were issued to Mr. Davis. On March 12, 1932, Jeanie Dale Farguhar and thirty-two others, claiming to be cousins of the testatrix, through Philip O'Donnell, Esq., of Butte, filed a petition to revoke the probate of the will, alleging incompetency of the testatrix to make it, and fraud in the execution thereof. Thereupon a citation was issued to and served upon the executor and all devisees and legatees named in the will, as well as upon all other persons claiming to be heirs of Elizabeth D. Baxter, deceased, who had appeared in the matter of the estate, other than the contestants. In response to the citation, Jere A. Clifford, by his attorney, James E. Healy, Esq., appeared by motion to strike certain parts of the petition. James Hamilton and five others represented by W.D. Kyle, Esq., filed a demurrer to the petition. Davis, as executor, and the devisees and legatees named in the will other than Jere A. Clifford, through their attorney, J.A. Poore, Esq., filed an answer, as did Maggie Wallace Plews and others, represented by Alex Levinski and Earle N. Gensberger, Esqs., and Sarah Jane Planner, who claimed to be a niece of the decedent, through her attorney, John K. Claxton, Esq. James Hamilton, who claimed to be a nephew of James L. Hamilton and the decedent, accepted service of the citation through his attorney, R.F. Gaines, Esq., but did *Page 261 
not make any appearance in the will contest. Thus two James Hamiltons are somewhat concerned in this proceeding.
On June 15, 1932, the demurrer filed to the petition by James Hamilton and others was sustained, and contestants (plaintiffs) were granted ten days to amend their petition. Clifford's motion to strike was sustained in part and denied in part, and he was given fifteen days to plead further. It was provided that, if plaintiffs should file an amended petition, he should plead to that.
On June 25, 1932, plaintiffs filed their amended petition, verified by Mr. O'Donnell. Two days later Clifford filed a demurrer to the amended petition, and the court fixed July 2 as the day for hearing thereon, but when that day came the matter was continued to July 5. However, on July 2, plaintiffs filed a praecipe for the dismissal of the contest.
Clifford's demurrer to the amended petition was confessed by plaintiffs on July 5, and upon "application of counsel for said plaintiffs and contestants it was by the court ordered that said amended petition and contest be dismissed at plaintiffs' costs, except as to attorneys' fees, which are reserved for further consideration." Thereupon the defendant Clifford made, and there was entered in the minutes of the court, a motion for an order adjudging that all his costs shown to have been expended, including attorneys' fees, "be adjudged to have been incurred and expended for and on behalf of all the persons interested" in the estate, and that the same be borne proportionately and ratably by such of the plaintiffs as should successfully establish rights in the estate. The court set the motion for hearing on July 8, 1932. On that day objections thereto were filed by Davis, executor, by Louise Frances Stahl, and by the defendants represented by W.D. Kyle, Esq. Arguments respecting the validity of the objections were presented by Messrs. Healy, Poore, Kyle, O'Donnell and perhaps others, and a ruling thereon was reserved. The court received testimony in support of the motion. Argument followed, being continued intermittently for several days. On *Page 262 
July 11, Clifford served and filed a memorandum of costs, claiming $20,000 as an attorney's fee.
On July 13 plaintiffs moved to "retax the costs" claimed by Clifford, and on July 14 the defendants Hamilton and others represented by Mr. Kyle moved to disallow the attorney's fee[1] claimed. The entire matter was taken under advisement by the court on July 16, and on September 10, 1932, the court made an order allowing Clifford the sum of $10,000 to be paid out of the assets of the estate in the regular course of administration, and not as a charge against the plaintiffs' shares, if any, upon the distribution of the residue of the estate. To this order exceptions were noted by Messrs. Poore, Kyle and Claxton, and each for good cause shown was granted sixty days within which to prepare, serve and file a bill of exceptions.
On September 12 the court entered a judgment dismissing finally on the merits the contest of the will, and allowed Clifford an attorney's fee in language practically identical with that set forth in the order of September 10. No further order was made respecting a bill of exceptions.
On November 7, 1932, Mr. Poore, for his clients, Davis, as executor, and Louise Frances Stahl; and Mr. Kyle, for all his clients, duly served a proposed bill of exceptions and presented the same to the court for settlement. On November 17 Mr. Healy filed objections in writing to the settlement of the bill on various grounds. The one we shall consider especially is that it was not presented in time.
Clearly, argues counsel, if it were intended to invoke the provisions of section 9389, Revised Codes 1921, the bill was not in time. And it is said the same result follows if counsel intended to avail themselves of the provisions of section 9390, for, it is urged, the entry of September 10 allowing the attorney's fee was not a final judgment; and, as no extension of time was asked for or granted within fifteen days after the entry of judgment, and no bill of exceptions was served within fifteen days after entry thereof, the proposed bill came too late. The objections were overruled, and, after the incorporation *Page 263 
of the same therein, the court settled the bill. By cross-assignment of error, Mr. Healy raises the same objections here.
1. The bill provided for by section 9389 has reference to an exception, or exceptions, to a decision at the time the decision is made, and is especially applicable to bills of exceptions settled during the progress of a trial. Section 9390 contemplates, first, the settlement of a bill either in aid of a motion for new trial or for use upon appeal after a motion for new trial has been decided. It continues: "Except as above provided, the party appealing from a final judgment if he desires to present on appeal the proceedings had at the trial, must, within fifteen days after the entry of judgment if the action was tried with a jury, or after receiving notice of the entry of judgment if the action was tried without a jury, or within such further time as the court or judge thereof may allow, not to exceed sixty days, except upon affidavit showing the necessity for further time, prepare and file with the clerk of the court and serve upon the adverse party a bill of exceptions, containing all of the proceedings had at the trial upon which he relies," and so forth.
We are not disposed to give the statute the restricted meaning contended for. Were we to do that, a litigant desiring to appeal from a judgment, unless he moves for a new trial, could not obtain additional time to prepare a bill of exceptions until after the entry of judgment if the action be tried with a jury, and not until after receiving notice of the entry of judgment if the action be tried by the court sitting without a jury. This would cause great inconvenience, and in some instances confusion, and it would not be consistent with generally understood practice. For illustration: After a jury has rendered its verdict against a party and nothing remains except to enter judgment thereon, it is familiar practice for losing counsel immediately to ask for time in which to prepare a bill of exceptions to be used upon appeal. This course is usual when counsel is the victim of an order of nonsuit, or of a directed verdict. So where the court has made findings of *Page 264 
fact and conclusions of law, to which the losing party does not desire to except under the provisions of sections 9370 and 9371, counsel for the losing party, present in court when the findings and conclusions are handed down, not caring to wait for the entry of judgment, finds it convenient to obtain an extension of time for the preparation of a bill of exceptions. We prefer to give the statute a liberal interpretation which will tend to simplify rather than add confusion to the practice, especially upon a subject which has always been vexatious to the profession. The court properly settled the bill presented.
2. It appears that, while the will contest was pending, there was pending also in the same court a proceeding to determine heirship in the matter of the estate of Elizabeth D. Baxter, deceased. It is recited in the bill of exceptions that on July 11, 1932, judgment was duly given, made and entered by the court in the Baxter estate; that the defendant Sarah Jane Planner, in the proceeding "to revoke the probate of the will of Elizabeth D. Baxter, deceased, has not and never had any right, heirship, ownership, or interest of any kind in said estate of Elizabeth D. Baxter, deceased, and from which no appeal was ever taken and which is now final, conclusive and unassailable."
And "that for the purpose only of showing that James Hamilton has ceased to be an adverse party and without interest in this litigation, it is here set forth: that on September 15, 1932, the defendant and respondent James Hamilton in the above-entitled proceeding in the estate of said Elizabeth D. Baxter, deceased, by R.F. Gaines, as his attorney thereto authorized, filed in said estate a disclaimer and withdrawal of all claims theretofore asserted by him as an heir-at-law of said Elizabeth D. Baxter, deceased, and pursuant thereto, and to the consent therein given, the above court on September 16, 1932, duly made and entered an order in its minutes in said estate whereby there was ordered withdrawn and stricken from the files in said estate and disregarded in toto the answer and amended answer by said defendant James Hamilton, filed in *Page 265 
the heirship proceedings in the estate of said Elizabeth D. Baxter, deceased."
It is also recited that Clifford moved to strike out "the preceding paragraph," on the ground that it is "no part of the proceedings leading up to the order and judgment dismissing the contest, and it occurring after the entry of such judgment could not affect any matter then known to the court or parties."
The court overruled Clifford's objection, and he was allowed an exception. Conceding that the motion should have been sustained, the matter is material only upon the question of the validity of the appeals, as will presently appear.
a. Plaintiffs and Clifford have moved to dismiss the appeals.[2] Neither Planner nor Hamilton, alleged nephew, were served with notice of appeal, by reason whereof it is said the court may not proceed for want of jurisdiction, because all necessary parties are not here. Planner and Hamilton are not necessary parties here, unless they are parties adverse to the contentions of appellants. An "adverse party," within the meaning of the statute (Rev. Codes 1921, sec. 9733), is a party to a judgment whose rights may be injuriously affected by its reversal or modification, or one who has an interest in opposing the object sought to be accomplished by the appeal. (Mitchell v. BankingCorporation, 81 Mont. 459, 264 P. 127, and cases cited.)
The appeals challenge the action of the trial court in allowing Clifford an attorney's fee which shall be paid out of the estate, and not charged to the distributive shares of plaintiffs.
For present purposes we may concede that the judgment declaring Planner not an heir is not properly in the record, and that the withdrawal of Hamilton is ineffective here. Upon the theory that Planner and Hamilton are heirs, under what possible theory can they, or either of them, be injuriously affected if the judgment be either affirmed or reversed in this action? The worst that could happen to either of them is an affirmance of the judgment, and they have not appealed. A reversal of the judgment would be beneficial to them. Clearly, *Page 266 
they are not parties adverse to the contentions of appellants upon these appeals.
It is argued that the executor is a mere stakeholder, and it[3] is no concern of his to whom the assets of the estate are paid or distributed. This court has held it to be the duty of an executor named in a will to defend it, unless a defense cannot be made upon substantial grounds. (In re Carroll's Estate,59 Mont. 403, 196 P. 996.) Likewise, it is his duty to preserve the property of the estate for those entitled thereto, and to resist any diversion of its property or funds which in good faith he may deem unlawful. Even a special administrator is charged with the duty of resisting claims upon the estate's property which in good faith he deems unwarranted. (In re Williams'Estate, 55 Mont. 63, 173 P. 790, 1 A.L.R. 1639.) The executor had the right to appeal.
b. It is next argued that Kyle's clients have not shown[4] themselves entitled to share in the residue of the estate, and consequently have not the right to appeal. They were made defendants, joined in resisting the will contest, and participated actively in the hearing in respect to attorneys' fees. No objection was lodged with the lower court against their activities in these matters. They are parties to the judgment. Upon this showing alone, in the absence of proof to the contrary, it would seem that prima facie they have an interest in the estate, and as parties to the judgment they have a right to appeal therefrom. In addition, the record shows that on June 11, 1932, they authorized Mr. Kyle in writing to appear for them in the matter of the estate of the testatrix, and on August 18, 1932, they filed an answer in the heirship proceedings wherein they set forth their "claims of heirship, ownership, or interest" in the Baxter estate. These appellants claim to be heirs, and, if they are, they will be affected injuriously by the affirmance of the judgment which directs the payment of $10,000 from the residue of the estate in which they expect to share. *Page 267 
Other questions of practice are raised, but these do not merit special consideration. The motions to dismiss the appeals are overruled.
4. Can the judgment awarding Clifford, a mere devisee, an[5, 6] attorney's fee for the services of his counsel in resisting the will contest, be sustained?
The record shows that Mr. Clifford employed Mr. Healy generally to represent his interests in the Baxter estate. During the contest Mr. Healy represented Clifford and no one else. He was not employed by anyone else. He consulted frequently with Mr. Poore, attorney for the executor, and with Mr. Kyle, attorney for some of the defendants. While these three did not employ the same tactics, they pursued a common purpose, viz., to defeat the will contest. This was accomplished, but not alone through the efforts of Mr. Healy; but this was not important, for he was not authorized to represent anyone but Clifford, nor did he assume to do so.
Mr. O'Donnell testified that the contest was dismissed on the merits for the reason that his investigations led him to the conclusion that sufficient evidence was not available to sustain it.
a. Section 8993, Revised Codes 1921, provides in part: "The compensation of an attorney and counselor for his services is governed by agreement, express or implied, which is not restrained by law." And section 9786 provides: "The measure and mode of compensation of attorneys and counselors-at-law is left to agreement, express or implied, of the parties, except that in probate proceedings the court may fix and allow the compensation of attorneys representing administrators, executors, guardians, and trustees, and agents appointed by the court. Both parties to actions or proceedings are entitled to costs and disbursements as hereinafter provided."
Generally speaking, the right of an attorney at law to collect payment of his services depends upon the fact of his employment. (In re Faling's Estate, 113 Or. 6, 228 P. 821, and cases cited; In re Gratton, 136 Or. 224, 298 P. 231, *Page 268 
79 A.L.R. 517; Thompson on Attorneys at Law, 2d ed., 507; 2 R.C.L. 954.)
There was not any contract of employment, express or implied, disclosed here which authorized the court to charge the estate with Clifford's attorney's fee. Clifford employed Healy and is responsible for the fee. Healy did not represent an administrator, executor, guardian, trustee or agent appointed by the court.
Attorneys' fees in a case of this character are not allowed as "costs and disbursements" within the purview of section 9786 or sections following in Chapter 63, Part 3, of the Code of Civil Procedure, of which 9786 is a part.
b. Respective counsel have spent much effort in discussing the inquiry whether attorneys' fees are included in the terms "fees," "expenses," and "costs," as those terms are employed in sections 10047 and 10372, Revised Codes 1921. Section 10047 provides: "The fees and expenses must be paid by the party contesting the validity or probate of the will, if the will in probate is confirmed. If the probate is revoked, the costs must be paid by the party who resisted the revocation, or out of the property of the decedent, as the court directs." The first sentence of this section is the only one which could have any application to the instant case, and it must be plain that it does not justify the allowance of Clifford's attorney's fee.
Section 10372 provides: "When it is not otherwise prescribed in sections 10018 to 10464, the district court, or supreme court on appeal, may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require."
Our attention is called to the fact that in In reBielenberg's Estate, 86 Mont. 521, 284 P. 546, 549, this court said: "The district court, as well as this court, is clothed with authority, in its discretion, to order the payment of costs out of the assets of an estate upon the bona fide contest of a will. (Sec. 10372, Rev. Codes 1921.) And we have heretofore held that reasonable attorneys' fees are proper charges against an estate *Page 269 
as costs, where the contest of a will is initiated and defended in good faith. (In re Williams' Estate, 55 Mont. 63,173 P. 790, 1 A.L.R. 1639; In re Carroll's Estate, 59 Mont. 403,196 P. 996.)" The quoted language is misleading. The first sentence, standing alone, is correct.
In re Williams' Estate involved the action of the trial court in taxing costs against a special administrator personally, and refusing to allow him an attorney's fee.
The allowance of an attorney's fee was not in question in Inre Carroll's Estate. There, upon a successful contest of the will, plaintiffs' costs were allowed against the executors and the beneficiaries, and they appealed. The court, considering that part of section 7412, Revised Codes 1907, now section 10047, supra, which provides: "If the probate is revoked, the costs must be paid by the party who resisted the revocation, or out of the property of the decedent, as the court directs," said: "Under this statute a discretion is lodged in the trial court as to the imposition of costs," and ordered the trial court to tax the costs in that court against the property of the estate.
In In re Bielenberg's Estate there was also a successful will contest, and allowance of attorneys' fees was made for both contestants and contestees without objection; it is fair to say that the question whether attorneys' fees are included in the term "costs" in a will contest was not presented nor determined therein. The point was not made in the briefs, nor was it suggested upon oral argument. The reference to section 10372 was inapt and unnecessary.
The allowance of attorneys' fees, if not permissible under the second part of section 10047, a special section referring to will contests, certainly was not allowable under section 10372, a general section; the term "costs" has the same meaning in both sections. To avoid misundertanding, we now suggest that we do not consider the question whether attorneys' fees are properly included within the term "costs" concluded by anything that was said in In re Bielenberg's Estate, or in In re Hauge'sEstate, 92 Mont. 36, 9 P.2d 1065. It will *Page 270 
be time enough to decide the question when it is squarely presented and necessary to a decision.
The fact that an attorney's services in managing a cause are[7] as beneficial to another party as to his own client will not raise an assumption that such other party is liable therefor unless the services are accepted by the latter, and it was understood he was to be liable also. (Weeks on Attorneys, 2d ed., sec. 339; McHatton v. Girard, 41 Mont. 387, 109 P. 704.)
"It is well settled that the employment of counsel by one of several heirs or legatees will not, of itself, create a liability on the part of the other heirs or legatees for the compensation of the counsel so employed, even though his services were beneficial to all of them, excepting where they have resulted in bringing a fund into court, and, under the local law, attorney fees may be allowed therefrom. Nor will the employment of an attorney by an heir or legatee create a liability on the part of the estate involved." (2 Thornton on Attorneys at Law, sec. 415;In re Gratton, supra.) We are satisfied this is the correct rule. If it were otherwise, why could not the estate be made liable for the attorneys' fees of each legatee if each saw fit to employ a different attorney to defeat the will contest?
Except as allowed by statute, when attorneys' fees are chargeable to an estate, it is on the theory that they were incurred for the benefit of the estate as a whole. (In reFaling's Estate, supra; In re MacMullen's Estate, 117 Or. 505,243 P. 89.)
In the exhaustive note to In re Gratton, supra, 79 A.L.R. 522, it is said that "the general rule is that no allowance may be made out of the estate of a deceased person for the services of an attorney not employed by the personal representative of the estate, where the services were rendered for the sole benefit of an individual or group of individuals interested in the estate," with a large number of supporting cases.
c. Nor is Mr. Clifford aided by the common fund doctrine. As[8] was said in Ford v. Gilbert, 44 Or. 259, 75 P. 138, *Page 271 
139: "When a fund is brought into court through the service of an attorney, or where his services have added to or preserved or increased the amount being administered, the court of primary jurisdiction may properly allow a reasonable compensation for his services to be paid from the fund." (Compare Forrester MacGinniss v. Boston etc. Min. Co., 29 Mont. 397,74 P. 1088.) But here Clifford's attorney did none of these things. He did not enhance nor benefit the estate in any way. That his services were valuable in the will contest may not be gainsaid, but they were rendered in behalf of his client Clifford in sustaining the validity of the will, upon which alone Clifford's interest in the estate depended. The ultimate question, dependent upon the validity of the will, was whether the beneficiaries would receive that which the testatrix undertook to give them, or whether the estate would go wholly to her heirs. The corpus of the estate would be the same in either event.
An extended search of the authorities has not disclosed a single decision allowing attorneys' fees to a devisee or legatee on facts similar to those presented here. On the contrary, the general rule is that the estate of a decedent is not liable to an attorney for services rendered by him for and at the request of a devisee or legatee in a will contest. (St. James Orphan Asylum
v. McDonald (In re Creighton's Estate), 76 Neb. 625,107 N.W. 979, 110 N.W. 626; Nichols v. Wallace, 155 Okla. 231, 9 P.2d 430.)
Considering the fact that Mr. Healy was employed by and represented Clifford only in the will contest, we reach the inescapable conclusion that the judgment cannot stand. Clifford's "house is built upon the sands."
It follows that the judgment must be, and it is, reversed.
We do not see any reason why three separate transcripts,[9] identical in character, should have been brought here; a transcript with the number of copies called for by the rules of the court in one case would have been sufficient. An order to that effect would have been granted upon application of counsel or, perhaps, upon request. The cost of the transcript and *Page 272 
brief in one case only shall be taxed against the estate. The estate shall also be liable for the appearance fees of appellants and respondents. Other than as above provided, each party will pay his or her own costs.
ASSOCIATE JUSTICES MATTHEWS, ANGSTMAN, STEWART and ANDERSON concur.
Rehearing denied June 1, 1933.