ERNEST PARADIS, APPELLANT

FROM DECREE OF THE JUDGE OF PROBATE

IN RE ESTATE OF DONAT J. PARADIS.

Oxford.      Opinion, August 13, 1936.

*Ralph W. Crockett*, for appellant.
*Alice M. Parker*,
*Joseph R. Paquin*,
*Arthur J. Lesieur*, for appellees.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

MANSER, J.   The case comes forward on exceptions to a decree of the Supreme Court of Probate disallowing certain items in the second account of the administrators c. t. a. of the estate of Donat J. Paradis, who died in 1929.

Ernest Paradis, the appellant, was first appointed special ad-

ministrator of the estate in April, 1930, and later in that year became co-administrator.

The Judge of Probate disallowed three items, two being claims for reimbursement to and charges of the appellant on matters arising after the death of the testator and the other his private claim against the estate.

The first item is a charge for reimbursement for one-third of the taxes for the year 1931, paid by the appellant upon real estate.

The finding of the presiding Justice upon this claim read as follows:

"As to taxes.

The Judge of Probate disallowed the claim of Ernest Paradis, for ⅓ of taxes, 1931-1932, Blake Street property, $220.14.

This Blake Street property is real estate which was owned in the lifetime of Donat J. Paradis, by the appellant, Ernest Paradis, and the deceased, Donat J. Paradis, who died on July 28th, 1929, testate.

The appellant, Ernest Paradis, owned two-thirds, and the deceased, Donat J. Paradis, owned one-third, in common and undivided of said real estate. Ettienne Boisvert was appointed a special administrator of the estate of said Donat J. Paradis, deceased, on October 30th, 1929. Said Boisvert died March 19th, 1930. Said Ernest Paradis was appointed special administrator of the estate of said Donat J. Paradis on April 28th, 1930. Said Ernest Paradis and Fernand Despins were appointed administrators with the will annexed of the estate of said Donat J. Paradis, deceased, on August 22nd, 1930, and qualified as such on September 18th, 1930.

From appellant's exhibit 1, it appears that the taxes for the year 1931 were assessed against Paradis Brothers. It does not appear that any of the taxes in question were assessed against the administrators under the provisions of Section 23 of Chapter 13 of the Revised Statutes of Maine, 1930.

This item is disallowed."

From this concise statement of the situation it appears that no claim was made that the will authorized the administrators to deal

with the real estate. The taxes paid accrued after the death of the testator. The charge is made in the account of the joint administrators. No record appears that any taxes were paid by the special administrator. The appellant owned an undivided two-thirds interest of the real estate. The taxes were assessed against Paradis Brothers. The appellant sought reimbursement from the estate, in his capacity as administrator, for one-third of the amount paid.

The appellant can base no claim to such reimbursement under R. S., Chap. 76, Sec. 36. This empowers special administrators to control and cause to be preserved all real estate and to pay public rates and taxes. The taxes accrued in 1931 and the appellant completed his duties as special administrator in 1930.

Neither can he justify his position under R. S., Chap. 13, Sec. 23, which authorizes assessment of taxes to heirs or devisees of the deceased person, or in the alternative to the executor or administrator, and in the latter event provides that the charge shall be allowed by the Judge of Probate. No such assessment was made.

The question is thus narrowed to the proposition of whether an administrator c. t. a., as such, has the obligation to pay real estate taxes accruing subsequent to the death of his testator.

Under the common law rule as adopted in this State, title to real estate of a deceased person passes immediately upon the death to the heirs or devisees; the rents accruing after the death are incident to the reversion and go to such heirs or devisees; the administrator or executor as such has no right to enter upon the lands or take the rents, and the taxes accruing upon the real estate after the death of the deceased are payable by the heirs or devisees and are not chargeable by the administrator in his probate account.

An interesting and exhaustive annotation appears in 31 A. L. R., pages 4 to 46, from which it is manifest that this common law rule prevails throughout the country, except as modified in a few states by statute.

It is true that an administrator may in some instances receive the income of real estate by request of the heirs or devisees or with their acquiescence, as noted in *Kimball* v. *Sumner*, 62 Me., 305; and if so, should be allowed for the taxes paid.

In neither the exceptions nor the findings of the presiding Justice is there any statement that the administrator accounted to the

Probate Court for rents and income from the real estate. This being so, the language of the Court in *Lucy* v. *Lucy*, 55, N. H., 9, is pertinent: "It is plain that the administrator is accountable to the heirs, and not to the Judge of Probate, for the rents and profits; and if he gets any allowance for his services and expenditures, he must get it by a settlement with the heirs."

Administrators c. t. a. and executors have no legal right, unless authorized by the will, to take possession of real estate and collect rents until it becomes necessary to sell the real estate for the payment of debts. *Stinson* v. *Stinson*, 38 Me., 593.

Even in insolvent estates "it is the settled law of this State that rents and profits of the real estate of a deceased insolvent debtor, until it shall be sold for the payment of debts, belong to the devisee or heir-at-law and not to the executor or administrator.

"When an executor or administrator takes rents of real estate, by agreement with the devisee or heir, as assets, to save the real estate from sale, or for the advantage of all persons interested, then it is proper enough to include the same in the probate account; but by operation of law, independent of any agreement of the parties, such rents do not belong to the executor or administrator." *Brown* v. *Fessenden*, 81 Me., 522, 17 A., 709.

"Heirs and devisees have the rents of real estate until it is sold by an administrator or executor for the payment of debts, and for that reason they should pay the taxes. The taxes are a charge upon the rents." *Fessenden, Appellant*, 77 Me., 98.

This item was properly disallowed. If the appellant has not been reimbursed for taxes paid, his claim is against the devisees and not against the estate.

As to the second disallowed item, the presiding Justice made the following findings of fact and ruling of law:

"Said appellant, Ernest Paradis, and the deceased, Donat J. Paradis, were joint and several makers of a certain witnessed promissory note for fourteen hundred and fifty dollars, dated January 30th, 1918, payable to the order of J. G. Chabot, one year after date, with interest at six per cent per annum, payable semi-annually, secured by a mortgage of real estate other than said Blake Street property. This note was

wholly paid by said Ernest Paradis, the appellant, on the second day of May, 1918. As stated above, Donat P. Paradis died July 28th, 1929. No evidence of part payment to said Ernest Paradis. This claim of Ernest Paradis is barred by the statute of limitations."

The exceptions recite that the facts so found were shown by evidence at the hearing and no claim of error is made in that respect, the exception being limited to the question of law involved. The appellant seeks the aid of the rule applicable to the right of contribution between co-sureties. He necessarily predicates his contention upon the ground that a witnessed promissory note is not barred by the statute of limitations until twenty years after the cause of action accrues, under R. S., Chap. 95, Secs. 94 and 97; that the appellant had a right of action upon the note itself against his co-maker, limited, however, to the contribution of his share of the joint obligation, and that the statutory limitation of twenty years is therefore applicable.

It is unnecessary to consider the application of legal principles relating to causes of action between co-sureties or co-guarantors, as that relationship is not shown to exist. The note was the joint primary obligation of both. The appellant did not sign for the accommodation of his brother, the decedent. Neither did both sign as sureties or accommodation parties for another. They were the principal debtors.

The principles stated in 17 R. C. L., 981, Sec. 358, which are cited as authority, have no application, for they refer entirely to the rights of a surety or guarantor. Even as to such parties, the supplement to the section cited, found on page 4372, materially modifies the text.

Simply stated, Ernest Paradis, the appellant, and Donat Paradis, his brother, the decedent, owed a joint and several note for $1,450, which was paid and taken up by the appellant. Having paid the whole of the note for which he and his brother were jointly liable, he had a just claim for contribution. *Hardy* v. *Colby*, 42 Me., 381.

The payment was voluntarily made before the note became due. It not being shown that it was at the request of the joint maker, the

cause of action for contribution did not accrue until the note became payable, which was on January 30, 1919. *Tillotson* v. *Rose, et al.*, 11 Metc., 299.

The payment cancelled and discharged the note. It no longer had life.

"When commercial paper is paid by the party whose debt it appears to be, it becomes *functus officio*, commercially dead, and no longer retains the character that it originally had. It is then but evidence of the transaction of its commercial life." *Bank* v. *Maxfield*, 83 Me., 576, 22 A., 479, 480.

The statute, which prescribed the period of limitation as to an action upon the note itself, no longer had application, as the note was extinguished. The payment created an implied contract, which gave to the payor his right of contribution, accruing, however, at the due date of the note.

The general rule is clearly expressed in *Rollins* v. *Taber*, 25 Me., 144, that "if one of two joint contractors pays money, for which they may have made themselves jointly liable, an implied undertaking on the part of the other is inferred, that he will reimburse his co-promisor for the one half of the amount so paid."

See also *Goodall* v. *Wentworth*, 20 Me., 322; *Soule* v. *Frost*, 76 Me., 119.

The cause of action is founded, not upon the note itself, but upon an implied contract of contribution. Such action must be commenced within six years after the cause accrues. R. S., Chap. 95, Sec. 90.

The promissory note was given in 1918. The Uniform Negotiable Instruments Act had then become effective in this State. The principles enunciated in the cited cases were established long before the passage of this Act, but the rights of the parties were not modified or changed by its provisions. As pointed out in *Owens* v. *Greenlee*, 188 Pac., 721: "Neither the Law Merchant nor the Negotiable Instruments Act attempted or attempts to prescribe or determine the rights of joint endorsers or joint makers as between themselves. These rights are left to be settled according to the principles of the common law and the equities between the parties."

The ruling of the presiding Justice was correct.

As to the third item disallowed, the findings of fact and ruling of the presiding Justice relative thereto, follow:

"Janitor service.

The Judge of Probate disallowed the private claim of said Ernest Paradis for 'janitor service, care of real estate of Donat J. Paradis, May 1, 1929 to November 1, 1931, 130 weeks at $6.00 per week,' $780.00.

Although this item speaks of 'real estate of Donat J. Paradis' . . . , yet the real estate referred to is the said one-third part in common and undivided of said Blake Street property, and being that one-third part thereof which said Donat J. Paradis owned in his lifetime. I do not find that said Donat J. Paradis, in his lifetime, ever expressly undertook, or promised, to pay said Ernest Paradis for any janitor service to be rendered by him in connection with their common property. The claim, as stated above, is in substance so stated in the reasons for appeal, although in the appeal it is stated 'To janitor service, care of real estate of Donat J. Paradis, May 1, 1931, 130 weeks at $6.00 per week,' $780. Whichever of these ways this claim is to be read and considered, it is disallowed."

It appears, therefore, that the administrator undertook to employ himself as janitor in connection with the real estate of which he owned two-thirds in common, and to charge the estate one-third of the expense.

The principles with reference to the ownership, control, management and expenses of devised real estate as stated with regard to the item of taxes herein considered, apply with equal force in this connection and need not be repeated. Ordinarily expenses of management of real estate belonging to the devisees are not to be charged out of the personal assets belonging to the estate of the decedent, and there is nothing to remove this instance from the general rule. The devisees were the owners. They were responsible for proper expenses incurred in the management of the realty.

The appellant is not aggrieved by the disallowance of this item.

*Exceptions overruled.*