[Civ. No. 11638.   First Appellate District, Division Two.—March 11, 1941.]

In the Matter of the Estate of JOHN WILLIAM SHANNON, Deceased.   ANNA WALCOTT, as Executrix, etc., Appellant, v. LILLIAN MARIE CRAMER, as Executrix, etc., Respondent.

Tobin & Tobin and Raymond J. Arata for Appellant.

Frank I. Barrett for Respondent.

STURTEVANT, J.—This is an appeal from an order settling the fourth annual account of the executrix of the estate of the decedent. The decedent left an holographic will. It is very long and need not be set forth at length. Among other provisions it contained the following: "I give, devise and bequeath. to my sister Mrs. Nellie. Kelleher. my House. and Lot. and all improvements. there on. Lot two. Block 4088 on hampshire Street. San Francisco. California. to be hers for Ever.

"Second I give, devise and bequeath to Mrs. Lillian. Marie. Cramer. My. House. and Lot. and all improvements thear on. Lot 8. Block 4. San Rafael. Marin County. California. to be hers as long as she lives. and on and after her Death. then it shall be the property of John William and Helen Margaret. Cramer. share and share a like, to be thears for Ever. Mrs. Lillian M. Cramer shal keep the improvements repaired and all Taxes Paid. for use of the same. it shall not be sold or Mortgaged, during her life."

The will named Mrs. Lillian Marie Cramer as executrix. After the death of the decedent Mrs. Cramer applied for and letters testamentary were issued to her. She duly qualified and since then she has continued to act as executrix. On the 19th of August, 1938, she filed her fourth annual account. It may be noted that at the time of the death of the decedent and ever since then Mrs. Cramer and her family have occupied the house and lot designated as Lot 8, Block 4 in San Rafael, Marin County, California. In the said account the executrix did not charge herself with interest on the value of said premises nor for rent for the use of said premises. But she did charge the estate with all taxes levied thereon and the cost of fire insurance. Said account covered a period commencing June, 1936, and extended down to August, 1938. Anna Walcott, executrix of the last will and testament of Nellie Kelleher, deceased, appeared and filed written objections to said account. Said objections were as follows:

"1. That said executrix has failed to charge herself with rent for the real property of said estate situate in the County

of Marin, State of California, nor has she charged herself with a reasonable value of the use and occupation of said premises.

"2. That said executrix has not charged herself with interest in the legal rate upon the amount due to the estate for the reasonable value of the use and occupation of the Marin County real property of said estate.

"3. That said executrix, without right, has credited herself with disbursements for taxes and insurance upon the Marin County real property of said estate."

After hearing the parties the court made an order overruling objections 1 and 2, and then continued as follows: "3. That objection numbered 3, to said fourth account, so heard as aforesaid, be and the same is, hereby overruled and disallowed, subject, however, to the right to renew the same upon final accounting herein." From that order Anna Walcott has appealed.

Under the clear wording of the will it appears that decedent intended that Mrs. Cramer should have the use of said premises and that she should not be charged rent. That document contains nothing showing any intention on the part of the testator that Mrs. Cramer should vacate the premises after the date of his death, or that the premises should be rented to her or to anyone else pending the probate proceedings and until distribution had. Nor does it show that the right of Mrs. Cramer to occupy the premises free of rent should commence at the date of distribution. No authority has been cited which requires us to place a different interpretation on the language used in the will. Therefore we think the trial court did not err in its rulings on objections 1 and 2 hereinabove set forth.

The appellant does not seriously contend that the court erred in ruling on those two objections. However she earnestly contends the trial court should have ordered the executrix, under the facts hereinabove set forth, to charge herself with the payments of taxes and insurance. In that connection it should be noted that the trial court made no fixed ruling on that contention. In effect, it reserved its ruling until the hearing of the final account. The real question presented on this appeal is whether the trial court erred in failing to make, in the instant proceeding, a direct ruling on the appellant's contention. The latter contends that it

did. She calls to our attention these additional facts. At the time of the death of the decedent he owned Lot 8 of Block 4 which with improvements was valued at $8,000, and Lot 2, Block 4088 on Hampshire Street in San Francisco, with improvements valued at $2,000. He also owned items of personal property in the sum of $675. Whether the personal property has been sold does not appear. From August 4, 1936, to July 27, 1938, all receipts, $587.54, were rent received from the Hampshire Street property. Nothing appears showing that in the future there will be receipts of any other kind. The disbursements were $703.80. The deficit as shown on the third annual account was $52.31. As shown on the fourth annual account the deficit had increased and the total then was $116.26. From all of the facts it appears the deficit will increase each succeeding year. It further appears that no claims have been filed against the estate. But the report of the executrix recites: ''That said estate is not ready for final distribution, or partial distribution, for the reason that there is not sufficient money on hand or sufficient property (other than the said real property specifically devised to Nellie Kelleher) out of which to pay the debts, expenses of administration, and charges, of said estate, and/or the bequests contained in the last will and testament of said decedent.'' Under the foregoing circumstances the appellant argues the failure of the trial court to rule on her contention that the executrix should pay the taxes and insurance will result in an indefinite postponement of distribution and perhaps the complete divestiture of appellant's claim as a devisee under the will of the decedent. We see no escape from that contention. It will hardly be contended that in no instance may a trial court reserve its ruling on an objection. But, ''Whether the practice of reserving rulings is ground for reversal in any given case depends upon the circumstance.'' (24 Cal. Jur. 776.) If the trial court was in doubt as to whether to allow the executrix credit for the payment of taxes and insurance, the proper order was for it to retire said items and hold the question open for determination on the rendition of the final account. (11B Cal. Jur. 601; *Estate of Dillon,* 149 Cal. 683, 685 [87 Pac. 379].)

In what we have just said we are not intimating that there may be a doubt as to whether the executrix should personally bear the expense of taxes and insurance. Under the

facts, ever since the death of the decedent the executrix has been in possession of the San Rafael lot not as executrix but as the life tenant thereof. As such she was, under the terms of the will, bound to pay the taxes and the cost of fire insurance. (*In re Banfield's Estate,* 137 Or. 256 [299 Pac. 323, 3 Pac. (2d) 116] ; *In re Paradis' Estate,* 134 Me. 333 [186 Atl. 672].)

The executrix controverts the proposition last stated and claims that the question, in the instant case, is not an open one. She claims it is *res judicata.* She calls attention to the fact that when she rendered her second account the appellant appeared, made the same objections, and that the objections were overruled and such ruling has become the law of the case. That contention may not be sustained. The charges now complained of occurred since the rendition of the second account. It is not *res judicata.* (*Estate of Mailhebuau,* 218 Cal. 202, 205 [22 Pac. (2d) 514].) Furthermore said last mentioned order, as set forth in the record, was based on objections 1 and 2, and not on objection 3 as hereinabove set forth. Objection 3 was by counsel withdrawn without prejudice to the renewal of same. No ruling was had thereon. It follows that the order settling the second annual account is not *res judicata* on the contention the appellant now makes.

The order appealed from is reversed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing was denied April 10, 1941, and respondent's petition for a hearing by the Supreme Court was denied May 8, 1941.