MONTANA COPPER Co., respondent, v. DAHL, appellant.

MINING LOCATION — *Placer claim — Quartz lode within boundaries.—* A claimant to a placer mining location is entitled to the possession of a quartz lode within the boundaries of his claim, if the same was not known to exist therein at the time application for a patent to the placer claim was made.

SAME — *Location of lode after application for patent.—* One who locates such lode after the expiration of the period of publication of the application of the placer claimant for a patent acquires no rights as against the latter.

*Appeal from Second District, Silver Bow County.*

THE opinion states the facts.

DEWITT & BACH, for the appellant.

STEPHEN DE WOLFE, for the respondent.

WADE, C. J.    This is an action to quiet the title to certain placer mining ground, which the respondent (plaintiff) claims by virtue of a location made on the 26th day of March, 1879. The appellant (defendant) claims a portion of the same ground, by virtue of his location of the Betsey Dahl lode claim, made on the 9th day of March, 1881. The respondent made application for a patent, and published

notice thereof according to law, from and after the 19th day of November, 1880. No adverse claim was filed during the period of publication, and it was not until months after such period that appellant located the Betsey Dahl lode claim. The appellant was therefore barred from questioning respondent's location. The case is within the decision in *Raunheim* v. *Dahl,* just decided. 6 Mont. 167.

The appellant having filed no adverse claim to respondent's application for a patent, he can claim nothing by the Betsey Dahl location, unless the vein or lode was known to exist at the time respondent made his application. Upon this subject the jury made a special finding, and declared that at the time respondent made his application for a patent no lode or vein was known to exist within the boundaries of his placer claim. The discovery of the Betsey Dahl location was outside of said boundaries, and the finding of the jury and the evidence conclusively show that there was no vein or lode known to exist within the boundaries of the placer claim, at the time respondent made his application for a patent. The appellant has no case.

The judgment is affirmed, with costs.