6   167
6   132

RAUNHEIM, respondent, *v.* DAHL, appellant.

MINING CLAIM— *Placer location* — *Quartz lode within boundaries* — *Adverse claim* — *Application for patent.*— Where an application for a patent to a placer claim is made, a subsequent locator of a quartz lode within the boundaries thereof must file his adverse claim during the period of publication of the notice of such application; otherwise he is barred from questioning the validity of such placer location.

SAME — *Right to possession of vein within placer.*— Such placer claimant is entitled to the possession of a quartz lode within the boundaries of his claim if he had no knowledge of the existence thereof at the time he applied for a patent.

SAME— *No presumption as to existence of vein.*— The discovery of a quartz lode two or three hundred feet outside of the boundaries of a placer claim raises no presumption that such lode extends within the placer boundaries, when there is no surface indication thereof.

*Appeal from Second District, Silver Bow County.*

DE WITT & BACH, for the appellant

STEPHEN DE WOLFE, for the respondent.

WADE, C. J.   This is an action to quiet the title to a certain placer claim situate in Silver Bow county, which the respondent (plaintiff) claims by virtue of a location made on the 22d day of February, 1880, and possession thereunder since that date. The appellant (defendant) claims a portion of the same ground by virtue of the Betsey Dahl lode location, made on the 9th day of March, 1881.

It appears that on the 16th day of July, 1881, the respondent made an application for a patent to the placer ground he claimed, and thereupon a notice of such applica-

tion, in due form of law, was issued out of the proper land office, signed by the register thereof, and published for the period required by the statute.

No adverse claim was filed to such application. Some time subsequent to the period of publication of said notice, and after the same had expired, the appellant applied for a patent to the Betsey Dahl lode claim, and published notice thereof, to which the respondent filed his adverse claim; and thereupon this action was instituted to settle and determine the rights of the parties to the possession of the ground in dispute.

The appellant having failed to file an adverse claim to the application of the respondent for a patent to his placer ground during the period of publication of notice, he is thereafter barred from calling in question the location of said ground. This question was much discussed at this term, in the case of *Talbott et al.* v. *King et al.* 6 Mont. 76, and it is not necessary to go over the ground again.

The only remaining question arises under section 2333 of the United States Revised Statutes (p. 428), and is whether or not at the time the respondent made his application for a patent for said placer ground any vein or lode was known to exist within the boundaries of said placer claim. This question was fairly submitted to the jury upon the evidence, under an instruction from the court which declared that if the jury found from the evidence, at the time the plaintiff alleges he made his application for a patent, the Betsey Dahl quartz claim was known to exist, and that plaintiff did not apply for said vein or lode as well as for his placer claim, and describe said vein in his application, then the jury were to consider that plaintiff waived all claim to said quartz lode or vein.

Upon this issue, under the evidence and instructions, the jury, by their general verdict, properly found for the respondent. The testimony is conclusive upon the proposition that at the time of said application no quartz vein or lode was known to exist within the boundaries of said placer

claim.   The discovery shaft of the Betsey Dahl lode was not within the boundaries of the placer claim, but was two or three hundred feet outside of said boundaries, and the theory that the vein ran within said boundaries was the merest speculation, without any evidence to support it. There were no indications of a lead or vein on the surface within the boundaries of the placer claim.   There is no proof whatever that the respondent was in possession of a vein or lode within the boundaries of his placer application. There is no proof that any such vein or lode existed.   The discovery of the Betsey Dahl lode two or three hundred feet outside of such boundaries raises no presumption of the possession of a vein or lode by the respondent within the boundaries of his placer claim.   If said discovery had been within said boundaries, and in pursuance thereof a lode claim had been properly located, then the respondent, in making his application for a placer patent, would have been presumed to know of the existence of such lode or vein. *Mantle* v. *Noyes*, 5 Mont. 275.   But no such presumption arises in a case where the discovery is outside of said boundaries, and there is no indication of a lode within them.

The judgment is affirmed, with costs.