[15905.  Department One.—April 29, 1893.]

IN THE MATTER OF THE ESTATE OF CATARINA R.
WHETTON, DECEASED.

CONTEST OF WILL AFTER PROBATE—PARTIES—RIGHT OF EXECUTOR TO DEFEND
—ERRONEOUS JUDGMENT FOR CONTESTANT.—In a proceeding to set aside the
probate of a will and to revoke the letters testamentary issued to the person
named therein as executor, the executor is a necessary party, and as such has a
right to defend and support the will, and it is his duty to do so under his trust.
If the court denies the executor such right, a judgment in favor of the contest-
ant annulling the will will be reversed.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco, revoking the probate of a will,
and from an order distributing the estate of a decedent.

The facts are stated in the opinion of the court.

*Dunne & McPike*, for Appellant.

A proceeding in the probate court to set up or disestablish a
a will is not a proceeding to decide a contest between parties,
but a proceeding *in rem*. (*State* v. *McGlynn*, 20 Cal. 233; 81
Am. Dec. 118; *Crall* v. *Poso Irrigation District*, 87 Cal. 147,
148.)   The executor having been made a party to the proceed-
ing he had a right as such executor to appear and resist the
claims of the contestant, as a judgment therein would be a judg-
ment *in rem* binding upon all of the parties thereto.   (Code Civ.
Proc., secs. 1299, 1301, 1328, 1329; *Lucas* v. *Lucas*, 30 Ga.
206; 76 Am. Dec. 642; *Clemens* v. *Paterson*, 38 Ala. 721; *In
re Freud*, 73 Cal. 556; *Schultz* v. *Schultz*, 10 Gratt. 358;
*Tompkins* v. *Tompkins*, 1 Story, 552; *Brown* v. *Anderson*, 13
Ga. 171; *O'Dell* v. *Rogers*, 44 Wis. 136; *State* v. *McGlynn*, 20
Cal. 233; 81 Am. Dec. 118.)   The attempted judgment, there-
fore, was a mere nullity.   It is a void judgment, and will be
reversed by this court on this appeal.   (*Livermore* v. *Campbell*,
52 Cal. 75.)

*Henry I. Kowalsky*, for Respondent.

An executor cannot represent either side of a contest between
heirs or devisees contesting for the distribution of an estate.
They cannot litigate the claims of one set against the other.
Their duties are to preserve the estate and distribute it as the
court shall direct.   (*Estate of Wright*, 49 Cal. 550; *Bates* v.

*Reyberg,* 40 Cal. 465; *Roach* v. *Coffey,* 73 Cal. 281; *Estate of Marrey,* 65 Cal. 287; *Estate of Jessup,* 22 Pac. Rep. 260.)

GAROUTTE, J.—The record in this case is in a condition of hopeless entanglement, but sufficient appears to require a reversal of the judgment. One Navarro was named as executor and made a devisee by the last will and testament of Catarina R. Whetton, deceased. He qualified as such executor and entered upon the discharge of his duties. James Whetton, husband of deceased, filed a contest asking for revocation of his letters testamentary, and that the will be declared null and void. A citation was issued to Navarro to show cause upon a certain day why his letters should not be revoked and the will set aside as void. Navarro appeared as executor, and filed a general demurrer to the petition.

What occurred subsequently to the foregoing events is not made plain by the record, but sufficient appears therefrom, aided by the light furnished from the briefs of respective counsel, to indicate that the court was of the opinion that the executor, *as such,* had no right to support and defend the will, and he was thereupon denied such right. This position is not well founded. When a will is attacked after probate, section 1327 of the Code of Civil Procedure makes the executor a necessary party to the proceeding, and requires that a citation issue to him personally to show cause why the probate should not be revoked. It would be an absurdity to cite him to show cause, and when he appears in court in obedience to the citation to refuse to consider the reasons which he is prepared to advance why the will should not be set aside and annulled. It is not only his privilege to make such showing, but it is his duty under his trust. While it has been held in many cases that an administrator cannot appeal from a decree of distribution, because he has no interest in the final judgment, whatever it may be, yet that principle is in no sense analagous to the right of an executor to support a will, especially so when it has once been probated.

For the foregoing reasons let the judgment and decree setting aside the will, revoking the probate thereof and distributing the estate, be reversed and the cause remanded for further proceedings.

PATERSON, J., and HARRISON, J., concurred.