[Sac. No. 1478.   Department Two—September 17, 1906.]

In the Matter of the Estate of PATRICK DILLON, Deceased.
P. F. DILLON, Appellant, v. C. W. CROSS, Executor,
Respondent.

ESTATES OF DECEASED PERSONS—ACCOUNTS OF EXECUTOR—ITEMS OF
EXPENSE—PENDING CONTEST OF PROBATE.—An executor should not
be allowed in his annual account items of expenditure for hand-
writing experts employed by him in contesting the probate of a
holographic will of subsequent date for forgery, and contesting a
petition by the proponent thereof for revocation of the prior
probate, while the contest is still pending and undetermined. Such
items should be retired from the account, to be taken up when the
court shall be in full possession of all the facts necessary to deter-
mine the propriety of allowing them.

ID.—QUALIFIED DUTY AND RIGHT OF EXECUTOR IN DEFENDING WILL—
NECESSARY EXPENDITURES.—While it is the duty of an executor,
after a will has been admitted to probate, to defend the will
against attack, he has no unqualified right to incur and charge
against the estate all items of expenditure in resisting the attack
which he may see fit. His duty in this regard is qualified to the ex-
tent that he can only be allowed for such expenditures as are neces-
sary and are made in good faith in defending the attack upon the
original probate.

ID.—UNSUCCESSFUL DEFENSE — CONSTRUCTION OF CODE — DISCRETION
BASED UPON KNOWLEDGE OF CIRCUMSTANCES. — If the defense
against the attack upon the original probate of a will should be
unsuccessful, the executor is not, as matter of right, entitled to
his costs; but in such case the court has discretion, under section
1332 of the Code of Civil Procedure, to determine whether he shall
be charged with them or whether the estate shall bear them.
That section contemplates a trial of the contest, and that the
court shall be in possession of the facts and circumstances sur-
rounding it, as a basis upon which its discretion can be properly
and fully exercised, and that, before the estate shall be charged
with the costs of the contest, or any extraordinary costs, the court
should be in a position to know whether or not the contest was
waged in good faith, with a reasonable belief that the attack upon
the original probate was unjustified.

APPEAL from an order of the Superior Court of Nevada County settling the account of an executor. F. T. Nilon, Judge.

The facts are stated in the opinion of the court.

James G. Maguire, and Thomas S. Ford, for Appellant.

P. F. Simonds, for Respondent.

LORIGAN, J.—A document dated March 8, 1904, purporting to be the last will and testament of Patrick Dillon, deceased, was duly admitted to probate in the superior court of Nevada County and letters testamentary issued to the respondent, C. W. Cross, named in the will as executor. Within a year thereafter another document, dated October 24, 1904, which was claimed to be in fact the last will of said deceased—holographic in character—was filed by appellant, P. F. Dillon, together with a petition by him praying for its admission to probate, and that the probate of the prior will be revoked and the letters testamentary which were issued thereon to said C. W. Cross be canceled and set aside. In his answer to this petition said C. W. Cross, as executor, set up that the alleged document filed by the appellant, Dillon, was a false, fictitious, and forged instrument. Thereafter, by amendment to his petition for revocation of the original probate, and the admission to probate of what he claimed to be the later will, the appellant, Dillon, filed a contest against the validity of the prior will, urging as ground therefor that its execution had been procured through the undue influence of C. W. Cross, the executor named therein. The respondent Cross demurred to this amended petition and his demurrer was undisposed of, and hence the issues on the contest were not settled, when the point now presented on this appeal—the validity of the order of the lower court settling the second account of. the executor, Cross—arose in the lower court. This account was filed on October 20, 1905, while the petition for revocation of the prior will and the contest of the same were pending. The appellant, Dillon, filed his objections to four items of the account, aggregating $714.90, consisting of expenditures by the executor with reference to the holo-

graphic will presented by said Dillon for probate. These items consisted of $150 paid D. T. Ames for examination and opinion as handwriting expert on the said holographic will; a sum of $150 paid C. Eisenschimel for opinion as handwriting expert on the same matter; the further sum of $100, retaining fee, paid to said D. T. Ames as handwriting expert, and $314.90 paid for photographing and enlarging the will.

The court allowed all of these items in said account to the executor, Cross, and this appeal is taken from the order making such allowance.

We think the court erred in making such allowance on the settling of this account; it should have retired all these items objected to from it, to be considered and disposed of at a later date, and when the contest concerning which the executor claimed to have incurred these expenses had been determined.

While it is the duty of an executor after a will has been admitted to probate to defend the will against attack (*Estate of Whetton,* 98 Cal. 203, [32 Pac. 970],) this does not confer upon him an unqualified right to incur and charge against the estate all items of expenditure, in resisting the attack, which he may see fit. His duty in this regard is qualified to the extent that he can only be allowed for such expenditures as are necessary and are made in defending the attack upon the original probate in good faith. This is obvious from the section of the code (Code Civ. Proc., sec. 1332) providing for the allowance of costs on the contest of a will after probate, which declares that ". . . If the probate is revoked, the costs must be paid by the party who resisted the revocation, or, out of the property of the deceased, as the court directs."

It will be observed from the reading of this section that where the executor is unsuccessful in resisting the revocation of the probate he is not as a matter of right entitled to his costs incurred in that contest, but the court is vested with discretion to determine whether he shall be charged with them, or whether the estate shall bear them. This section contemplates that before the estate shall be charged with the costs of the contest the court should be in a position to know whether or not the contest was waged by the executor in good faith,

with a reasonable belief that the attack on the original probate was unjustified. Certainly the court upon the settlement of an account which involves an application to compel the estate to bear extraordinary costs cannot in advance, before even the settlement of the issues involved in the contest, say that such expenditures were necessary, or incurred in good faith by the executor. In settling an account, before the determination of the contest the court has no power to enter into a consideration of these questions. It could not determine on the settlement whether there was any merit in the contest or not, whether there was any validity in the claim that the will subsequently offered for probate was a forgery, or whether the will originally probated was obtained by undue influence or not. And yet these are all matters which must necessarily be determined in order that under section 1332 of the Code of Civil Procedure the reasonable discretion vested in the court to charge the executor or the estate with the payment of the costs of the contest can be exercised. The section above referred to evidently contemplates a trial of the contest before an allowance for costs of the extraordinary character here involved can be made. It contemplates that the court shall be in possession of the facts and circumstances surrounding the contest as a basis upon which its discretion can be properly and fully exercised, and as upon a settlement of the account the court could not be placed in possession of them, and could not determine whether the costs claimed were necessarily incurred, or whether the executor acted in good faith in incurring them, the items should have been retired from the account for subsequent consideration when the court could be placed in full knowledge of all the facts from which to determine whether, if found to be proper costs, they should be charged against the executor or borne by the estate. This is what the lower court should have done with reference to the items in the account presented which were objected to by appellant.

The order settling the account is reversed, with directions to the lower court to settle the account by charging the executor with $714.90 in addition to the balance charged against him in the account as settled by the court.

McFarland, J., and Henshaw, J., concurred.