This is an appeal from an allowance to the executors of the estate of J.W. Sullivan of an attorney's fee in defending the will against a contest filed after it had been probated.
The facts, briefly, are: J.W. Sullivan, on or about October 24, 1929, died testate. His will was admitted to probate by the superior court of Yavapai county on December 7, 1929, and letters testamentary were issued to J.A. Cashion, Homer R. Wood, and Ed. Weston, designated in his will as his executors. After the will had been proved and admitted to probate, to wit, on or about February 20, 1930, Daniel J. Sullivan, a brother of the decedent and a legatee under the will, filed in said court a petition contesting the validity *Page 57 
of the will and asking that the probate be revoked and the letters testamentary canceled.
Prior to June 18, 1930, the executors, who were also legatees under the will, employed Frank E. Flynn, attorney, to defend the will contest. The trial of the contest lasted from June 18th to the 26th, inclusive, and resulted in a judgment sustaining the validity of the will. On May 27, 1936, Flynn filed his motion in said court and cause requesting the court to make an allowance to the executors of $3,000 as compensation for his services in defending the will. He based his motion on the records and files in the matter of the estate and upon his affidavit and the affidavits of two members of the bar as to the reasonableness of the fee.
The appellant, Edwin L. Carty, a creditor of the estate, on October 30, 1936, filed objections to the allowance of the attorney's fee, on the grounds that the estate was not sufficient to pay creditors' claims in full; that the estate did not benefit by the defense of the will contest, the only ones benefiting being the beneficiaries; and that to allow the fees as a charge against the estate would be making the creditors pay for a service rendered to the beneficiaries.
On December 31, 1936, the court ordered the allowance of the $3,000, less $500 which had already been paid.
The estate located in Arizona inventoried at $406,524.27. Approved claims, together with commissions and other expenses at the time Flynn was employed, amounted to $394,579.41.
On October 5, 1932, the court in its judgment fixing the state inheritance tax, for that purpose reduced the value of the estate by $188,980.33.
When the allowance of the attorney's fee was made, it appeared that the estate was insolvent. The good faith of the executors in employing Mr. Flynn is not *Page 58 
questioned nor is it questioned that he rendered valuable services in defense of the will.
We think the question should be approached and decided upon the assumption that the estate was solvent at the time Flynn was employed but had depreciated in value so that when the claim for attorney's fees was filed and allowed it was insolvent. In other words, that if all the debts and obligations of the estate were paid there would be nothing left for the heirs or legatees and devisees, and that, if the attorney's fee is paid, it will reduce to that extent the amount available to creditors.
The appellant contends that
"Attorney fees incurred by an executor in voluntarily defending a will contest may be allowed as expenses of administration, and charged against the estate only when it can be shown, (a) that the estate ultimately goes to the parties benefited, or (b) that the estate, as such, benefited by such action."
The matter of attorney's fees for services rendered an executor is regulated by statute. Section 4049, Revised Code of 1928, so far as material, reads:
"He shall be allowed all necessary expenses in the care, management and settlement of the estate and for his services such fees as provided in this chapter. . . . He shall also be allowed reasonable fees paid or contracted to be paid to attorneys at law for services to him, and an attorney who has rendered such services may apply to the court for an allowance as compensation therefor. Upon the hearing, a reasonable allowance shall be made, and the court shall order the payment thereof out of funds of the estate."
[1] While appellant claims that this section is taken from California, and that it had been construed when we adopted it as holding "attorney's fees incurred by an administrator in a will contest are not proper charges against the estate," citing as authority In re Parsons' Estate, 65 Cal. 240, 3 P. 817, we find *Page 59 
in such case the court construed no statute and made no reference to any. Section 4049, supra, is not the same as section 1616, California Code of Civil Procedure, as contended by counsel. The two sections might have been the same originally, but the California legislature has very much changed the wording of its section 1616 since its adoption in 1872, and the Arizona legislature has changed our section 4049 from what it was in the Revised Statutes of 1877 (paragraph 1736), section 219; Revised Statutes of 1887, Civil Code (paragraph 1210), section 246; Revised Statutes 1901, Civil Code (paragraph 1851), section 643; and Revised Statutes of 1913, Civil Code, paragraph 992. So the California decisions may be persuasive authority but they are not binding and to be taken as a construction of our section before we adopted it or as changed.
Whether Flynn's claim for services is a proper charge against the estate, it seems to us, depends upon whether it was, under the circumstances, the duty of the executors to defend the contest of the will. Section 3905, Revised Code of 1928, provides that, if a contest of a will after probate is filed, a citation shall issue to the executors or administrators with the will annexed, and to all the legatees, devisees, and heirs, etc., requiring them to appear and show cause why the probate of the will should not be revoked. In In re Whetton's Estate, 98 Cal. 203, 32 P. 970, 971, the court said:
"It would be an absurdity to cite him [executor] to show cause, and, when he appears in court in obedience to the citation, to refuse to consider the reasons which he is prepared to advance why the will should not be set aside and annulled. It is not only his privilege to make such showing, but it is his duty under his trust. While it has been held in many cases that an administrator cannot appeal from a decree of distribution, because he has no interest in the final judgment, whatever it may be, yet that principle is in no sense analogous *Page 60 
to the right of an executor to support a will, especially so when it has once been probated."
In In re Logan's Estate, 171 Cal. 357, 371, 153 P. 388,390, the court said:
"When a will is admitted to probate it is the duty of the executor to defend and uphold the will against any subsequent attack for its revocation made upon it (In re Whetton's Estate,98 Cal. 203, 32 P. 970; In re McKinney's Estate, 112 Cal. 447, 44 P. 743), and this duty primarily rests upon the executor, and not upon the legatees or devisees."
[2] Section 4049, supra, authorizes the payment of an attorney's fee for services he may render the executor after the will is probated and the executor has been commissioned. Before that he is not an executor with legal capacity to proceed with the administration of the estate or with the power, ordinarily, to hire counsel to defend the will against attack and bind the estate for his services. After that he not only has the authority from the testator but from the court to take all steps necessary to carry into effect the intent and objects of the testator. As is said in Re Riviere's Estate, 8 Cal.App. 773, 98 P. 46,47:
"The confidence reposed in such executor by the testator would be abused and he would prove recreant to his trust did he not, even in the face of contests, diligently endeavor to establish the will and in all respects to carry out the wishes of the testator. The right to employ counsel depends upon the right to litigate. Estate of Jessup, 80 Cal. 625, 22 P. 260. Having, as we believe, the right to litigate, and for the successful conduct of which the employment of counsel became necessary, the expenses of such counsel were a proper charge against the estate."
This was said of an attorney's services to an executor before the will had been probated, and there can be no doubt of its appropriateness to a contest of *Page 61 
the will after probate. Testacy is favored by the law. In one case it is said:
"The law authorizes the making of a will, and the law requires that the property be distributed under the terms of the will, if it be valid and the desires of the testator as expressed in the will are substituted for the statute on descent and distribution, and becomes in such case the law as to the manner of distribution. It is therefore as much the duty of an executor to enforce the terms of a valid will as it is of an administrator to enforce the provisions of the statute." In reWah-kon-tah-he-ump-ah's Estate, 128 Okla. 179, 261 P. 973, 976.
The cases particularly relied upon by appellant to sustain his contention are In re Hite's Estate, 155 Cal. 448, 101 P. 448;In re Higgins' Estate, 158 Cal. 355, 111 P. 8; In reDunton's Estate, 15 Cal.App.2d 729, 60 P.2d 159, 160. In the first two cases the claims for attorneys' fees were for services before the wills were probated, which the courts deciding them were particular to state. It also appeared in both cases that the litigation was between, or for the benefit of, the heirs and legatees or devisees, and that these only would profit or lose by it. In other words, there seemed to be two good reasons for not allowing attorneys' fees in those cases. In the Dunton Estate case the will had been probated and the court said: "It was the duty of the executor to defend the will, after its admission to probate, against all attacks." It is true it appeared in that case the executor, as legatee, was the only person to be benefited by upholding the will.
In 11 California Jurisprudence, page 990, section 227, we find the following statement of the law:
"There is no statute in terms authorizing the executor named to recover fees paid to attorneys in resisting a contest before probate, and the executor is not bound to become a party to such an issue unless *Page 62 
he is secured for his expenses by the persons interested in the will. However, when a will has been admitted to probate and the executor has taken up the administration, it becomes his duty to protect the interests of the beneficiaries, and he has as such a right to oppose a contest of the will until final decision thereof. Indeed, it is his right and duty to defend the will after probate."
To this text is cited the Hite and the Higgins' Estate cases,supra.
 [3] In the present case, at the time Flynn was employed the estate appeared to be solvent. It looked as though it could pay all its debts and the expenses of administration and have left about $12,000, and we think, under such circumstances, the executors were within their rights and powers in employing Flynn to defend the will so that they could, as far as possible, carry out the objects and intention of the testator.
There is a note in 18 Ann. Cas. 738, at page 742, annotatingDodd v. Anderson, 197 N.Y. 466, 90 N.E. 1137, 27 L.R.A. (N.S.) 336, 18 Ann. Cas. 738, which says:
"The decided weight of authority supports the rule indicated in the reported case to the effect that, after a will has been duly probated, it is the duty of the executor named therein to defend suits brought to revoke such probate or to test the validity of the will, and if he acts in good faith he is entitled to receive from the estate his necessary expenditures in defending such attack."
Our examination of the cases convinces us that this statement is probably true. In Butt v. Murden, 154 Va. 10,152 S.E. 330, 331, 69 A.L.R. 1048, is found this statement, which impresses us as being worthy of consideration:
"It is impossible to examine the cases and formulate therefrom rules which are applicable to all cases. *Page 63 
Positive and dogmatic pronouncements should be avoided. Much depends upon the peculiar circumstances. If the executor acts in good faith, he is generally entitled to reasonable allowances. In most contests, however it is merely a question between persons who take the estate if the will is established and those who will take it under the law of descents and distributions, if not established. In such cases the executors should leave these interested parties to conduct the litigation at their own expense and to abide its results without imposing substantial charges against the estate represented by the executor."
The appellant cites the Estate of O'Reilly, 27 Ariz. 222,231 P. 916, and Ellsworth v. Struckmeyer, 27 Ariz. 484,232 P. 56, as cases sustaining his contention, but the court in those cases did not consider, or intend to consider, the question here involved. We may say in passing that section 4049, supra, evidently was amended to permit attorneys rendering services to executors or administrators to present their claims to the court for allowance — to meet the deficiency in the law prior to the decision in Ellsworth v. Struckmeyer.
We are of the opinion that under the law the executors had authority to employ appellee Flynn to defend the contest of the will and that they acted in good faith in doing so.
The judgment is therefore affirmed.
McALISTER, C.J., and LOCKWOOD, J., concur. *Page 64