In re KESL'S ESTATE.

ADAIR, Appellant, v. SCHNACK, et al., Respondents.

No. 8528

Submitted February 28, 1945. Decided May 23, 1945.

161 Pac. (2d) 641

Mr. Lester H. Loble, of Helena, and Mr. J. J. McIntosh, of Forsyth, for appellant.

Mr. W. B. Leavitt, of Miles City, for respondents.

Mr. F. F. Haynes, of Forsyth, in pro. per., Silver Bow County Bar Association, amicus curiae and Mr. T. B. Weir, of Helena, amicus curiae.

HONORABLE F. S. P. FOSS, District Judge (sitting in place of ADAIR, Justice, disqualified), delivered the opinion of the court.

This is an appeal from an order fixing commissions for executors who were replaced by an administrator, fees for their attorney while acting as executors of the estate, costs for unsuccessfully defending a will contest, and attorney's fees for special and extraordinary services in the defense of the will contest.

Respondent moved to dismiss the appeal:

1. On the grounds that an appeal can not be taken from a part of an order; and

2. That the transcript on appeal contains only a part of the proceedings in that it omits the petition filed by the former executor and does not contain the evidence adduced at the hearing upon which the order is made.

The notice on appeal recites that the administrator "appeals from that certain order (referring to the order in question) and particularly that part of said order based upon the petition," etc.

The order appealed from is easily divisible in that:

1. It is specifically ordered that the administrator pay to the former executor certain commissions;

2. That the administrator pay for legal services performed in representing the executors in the probate of the estate other than the defense of the will contest; that the administrator pay for the costs incurred in the probate of the estate and the defense of the will contest; and

3. That the administrator pay to F. F. Haynes for special and extraordinary services in the defense of the will contest, fees in addition to the regular fees for the probate of the estate. "Accordingly, we hold that where a judgment is

divisible into parts, an appeal will lie from a part of the judgment.'' Wills v. Morris, 100 Mont. 504, 50 Pac. (2d) 858, 860.

The transcript does contain the petition of F. F. Haynes, attorney, upon which that portion of the order is predicated which is here attacked, the order of the court, and has the necessary and proper certificates.

In re Dougherty's Estate, 34 Mont. 336, 86 Pac. 38, 40, a similar question was raised. This court determined what papers or instruments are necessary to complete a transcript on appeal in probate proceedings, saying:

''While there is no such thing, technically, as a judgment roll in probate proceedings, the successive determinations in the course of them * * * must be regarded as final judgments, and the portions of the record upon which they are based must on appeal be regarded as the record for the particular determination. * * *

''From this point of view, considering the character of determination now before us, the record must be held to consist of the papers which we find in the transcript; and for the purpose of this appeal, these papers must be held to constitute the judgment roll.'' See In re Estate of Murphy, 57 Mont. 273, 188 Pac. 146.

The appeal does not involve questions of evidence or discretion of the court. It is based solely on questions of law; and, in view of the foregoing, the transcript on appeal is sufficient to present the matter to this court for determination.

The motion to dismiss the appeal is denied.

The merits of the case are not as easily disposed of and involve questions not heretofore decided by this court.

In the month of July, 1943, Schnack, former executor of the Joseph Kesl estate, filed a petition requesting the court to fix and determine commissions due to him and his co-executor for acting as executors of the estate. At approximately the same time, F. F. Haynes filed a petition requesting the court to fix and determine his fees while acting as attorney for the executors in the ordinary probate of the estate, setting forth

the services performed by him as such attorney. The petition also requested the court to allow costs incurred by him in probate of the estate and in resisting the contest of the will. In addition thereto he petitioned the court to fix and determine attorney's fees for special and extraordinary services performed by him in defending the contest of the will and in taking an appeal from the judgment revoking the will—all to be paid from the funds of the estate.

The foregoing petitions were duly noticed and came on regularly for hearing. No objections were made to either of the petitions. The appellant, his counsel, and respondents and their counsel were present at the hearing. The court heard testimony in support of the petitions, took the matter under advisement, and, on the 19th day of January, 1944, made findings as follows:

That Joseph Kesl died on the 12th day of July, 1938. Thereafter a document, fair on its face and duly executed by Joseph Kesl as testator in the presence of witness, naming the petitioner and Hugh Lynch as executors, was admitted to probate on the 8th day of August, 1938, as the last will and testament of the said Joseph Kesl; that the petitioner, Schnack, and Lynch duly qualified as executors on or about the 8th day of August, 1938, and thereafter performed duties as executors of the estate until the month of November, 1939, when the instrument was revoked; that during the month of May, 1939, a contest was instituted by certain heirs of Joseph Kesl to revoke the order admitting the will to probate on the ground that the decedent was mentally incompetent to make a will at the time it was executed. The executors in good faith resisted the contest. The issues were tried by a jury and thereafter a judgment was entered revoking the order admitting the will to probate and the instrument admitted as the last will and testament of Joseph Kesl declared null and void. Thereafter Hugh Adair was appointed administrator, duly qualified, and Schnack and Lynch delivered the property of the estate to the administrator, the appellant herein.

Schnack and Lynch, executors, employed F. F. Haynes, attorney, the respondent, as their attorney to conduct the necessary proceedings for the probate of the will and all other legal proceedings relating to the management, care, and administration of the said estate; and the executors employed respondent Haynes as their attorney to interpose all available and necessary defenses and to represent the executors in the will contest. Haynes defended the will contest and incurred certain expenditures in defending the said will contest, including witness fees, court costs, preparation of bill of exceptions, transcript on appeal to the supreme court, and a brief on behalf of the executors.

From the foregoing the court ordered, adjudged, and decreed:

1. That the petitions of Schnack and Haynes are granted; that Adair, as administrator of the estate, pay to Schnack for his benefit and the benefit of the estate of co-executor Lynch, deceased, the sum of $500 commissions for services performed by them;

2. That the administrator pay to Haynes as attorney for the former executors the sum of $420 for legal services performed by him in representing the executors in the probate of the estate, other than the defense of the will contest, and the further sum of $500 for costs incurred by Haynes as attorney for the executors in the probate of the estate and the defense of the will contest;

3. That the former executors defended the will contest in good faith and that Haynes, as their attorney, rendered special and extraordinary services in the defense of the action; that the administrator pay to Haynes from the assets of the estate the sum of $1,000 for such special and extraordinary services.

No question is raised as to the sufficiency of the proof on the hearing of the petitions. Neither is there urged a lack or an abuse of discretion on the part of the trial court in making the order determining the amounts directed and authorized to be paid for the services rendered. It is the appellant's sole

contention that the court did not have authority to order payment of the costs and the extraordinary services of the attorney in the defense of the will contest.

Disposition of the assets of a decedent is, in Montana, controlled by statute, and the issues in this case must be determined by the statutes relating to probate.

"Necessarily, as the Legislature has provided a complete Code of Probate Proceedings * * *, the jurisdiction of the district court is limited to, and depends upon, these provisions of the Code. In this sense its powers are 'special and limited.' " Thelen v. Vogel, 86 Mont. 33, 281 Pac. 753, 756.

"The district court's power when sitting in probate matters is derived from the statute, and it cannot go beyond the provisions of the statute." State ex rel. Kelly v. Second Judicial District Court, 25 Mont. 33, 63 Pac. 717, 718.

"The rule has been definitely established that a district court, sitting as a court of probate, has only the powers which are expressly granted by statute or are necessarily implied from those expressly granted." In re Spriggs' Estate, 68 Mont. 92, 216 Pac. 1108.

The statutes determining the issues presented are Sections 10285, 10047, and 10372, Revised Codes of 1935.

Section 10285, Revised Codes, 1935, a general statute in the chapter relating to liabilities and compensation of executors and administrators, provides, in part:

"The executor and administrator shall be allowed all necessary expenses in the care, management, and settlement of the estate, including a reasonable fee paid to attorneys for conducting necessary actions in courts, or incurred therefor, the amount of which attorney's fees shall be in all cases, in the absence of agreement, fixed and determined by the court * * *."

Section 10047, Revised Codes, 1935, a special statute in the chapter relating to contests of wills after probate, provides:

"The fees and expenses must be paid by the party contesting the validity or probate of the will, if the will in probate is con-

firmed. If the probate is revoked, the costs must be paid by the party who resisted the revocation, or out of the property of the decedent, as the court directs."

Section 10372, Revised Codes, 1935, provides:

"When it is not otherwise prescribed in sections 10018 to 10464, the district court, or the supreme court on appeal, may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require. Execution for costs may issue out of the district court."

In the history of these sections it will be noted that both sections 10285 and 10047 were originally enacted in 1877. Section 10047 was re-enacted in 1879 and 1887. In 1895 the section was re-enacted, identical with the original enactment, except that the word "is" was used before the word "confirmed" instead of the word "be." The section was re-enacted in 1907, in 1921, and in 1935.

Section 10285 was originally enacted in 1877 and provided:

"He (referring to the executor or administrator) shall be allowed all necessary expenses in the care, management, and settlement of the estate, including reasonable attorneys' fees paid to attorneys for conducting the necessary proceedings or suits in the probate or other courts." (Italics ours.)

This section was re-enacted in 1879 and in 1887. The statute was re-enacted in 1895, (Code Civ. Proc. sec. 2774) by eliminating the words "probate or other"; and as amended, was re-enacted in 1907, (sec. 7631). This statute was amended in 1919, Laws 1919, chap. 55, to add the provision that in the absence of agreement, attorneys' fees would be fixed and determined by the court having jurisdiction of the settlement of the estate; and, as amended, re-enacted in 1921 and in 1935. It will be noted that Section 10285 is a general statute and provides for the necessary expenses in the care, management, and settlement of the estate only; while Section 10047 is a special statute applied only when a will is contested after it has been admitted to probate. In re Baxter's Estate, 94 Mont. 257, 22 Pac. (2d) 182. In the matters here involved, relating

to a will contest after probate, the special statute, Section 10047, is applicable and controls over the general statute, Section 10285.

"It is a rule of universal application in the construction of ▇ statutes that—'Where one act deals with a subject generally and another with a part of the same subject, * * * the special statute prevails over the general one.' " Franzke v. Fergus County, 76 Mont. 150, 245 Pac. 962, 965.

"Where one statute deals with a subject in general and comprehensive terms and another deals with a part of the same subject in a more minute and definite way, to the extent of any necessary repugnancy between them the special will prevail over the general statute." In re Stevenson's Estate, 87 Mont. 486, 289 Pac. 566, 570.

"A special statute controls a general statute relating to the same subject-matter. * * * A special statute covering a particular subject-matter must be read as an exception to the statute covering the same and other subjects in general terms. * * * Where special and general statutes relate to the same subject-matter, the special act will prevail as far as the particular subject-matter comes within its provisions." (In re Wilson's Estate, 102 Mont. 178, 56 Pac. (2d) 733, 737, 105 A. L. R. 367; Stadler et al. v. City of Helena, 46 Mont. 128, 127 Pac. 454; Reagan v. Boyd, 59 Mont. 453, 197 Pac. 832.)

It will be noted that the first sentence of Section 10047 provides that in the event the will in probate is confirmed, the fees and expenses shall be paid by the party contesting; while the second sentence of the section provides that if the probate is revoked, the costs must be paid by the party who resisted the revocation or out of the property of the decedent, as the court directs.

This court has repeatedly announced that when the terms ▇ of a statute are plain, unambiguous, direct, and certain, it speaks for itself and there is nothing for the court to construe. In other words, it is immaterial what may have been the legislative thought. If no ambiguity exists, and the language

of the statute plainly expresses an intent, the letter of the law will not be disregarded under the pretext of pursuing the spirit. Cruse v. Fischl, 55 Mont. 258, 175 Pac. 878; Chmielekska v. Butte & Superior Min. Co., 81 Mont. 36, 261 Pac. 616; State ex rel. Public Service Commission v. Brannon, 86 Mont. 200, 283 Pac. 202, 67 A. L. R. 1020; State ex rel. Du Fresne v. Leslie, 100 Mont. 449, 50 Pac. (2d) 959, 101 A. L. R. 1329; Section 10519, Revised Codes, 1935; 25 R. C. L. 1017; 50 Am. Jur. 206.

The legislature, in the enactment of the statute, by using the different phraseology of "fees and expenses" when the contest of the will is unsuccessful, and the use of the word "costs" when the contest of the will is successful, must have intended a different construction of the words and phrases.

"When different language is used in the same connection in different parts of a statute, it is presumed the Legislature intended a different meaning and effect." McCarthy v. Board of Fire Commissioners, 37 Cal. App. 495, 174 Pac. 402, 403.

"It is a settled rule of statutory construction that, where different language is used in the same connection in different parts of a statute, it is presumed the legislature intended a different meaning and effect." People v. Campbell, 110 Cal. App. Supp. 783, 291 Pac. 161, 162.

In the light of the foregoing, and in construing and giving effect to Section 10047, and in view of the cases hereinafter cited relating to the construction of the word "costs", all of which were judicially determined prior to the re-enactment of said Section 10047, the legislature must have intended that when a will is revoked no liability should attach other than costs, as judicially determined and defined by this court.

In determining what items may be recovered as costs and whether or not attorneys' fees are included as costs, we are aided by numerous decisions of this court, as well as other courts with statutes similar to ours.

"The items which may be recovered as costs in an ordinary action are enumerated in section 9802, Revised Codes 1921.

This section is exclusive, except in so far as certain cases are taken out of its operation by special statutes, and, in the absence of statute, stipulation of the parties, or rule of court (assuming that such rule may be promulgated), attorney's fees are not so recoverable.'' McBride v. School District No. 2, 88 Mont. 110, 290 Pac. 252, 255.

''It is well settled law in this state that attorneys' fees are not allowed as costs under statutory provisions for costs in ordinary litigation. It is only where provided for specially by statute, or by agreement of the parties, that attorneys' fees may be considered at all as an item of recovery incident to litigation.'' In re Mickich's Estate, 114 Mont. 258, 136 Pac. (2d) 223, 232; Smith v. Fergus County, 98 Mont. 377, 39 Pac. (2d) 193; Bovee v. Helland, 52 Mont. 151, 156 Pac. 416; Federal Surety Co. v. Basin Const. Co., 91 Mont. 114, 5 Pac. (2d) 775.

'' 'The legislature has in certain enumerated cases provided for the recovery of attorneys' fees. Had it intended that they should be recovered in instances like the present, we may reasonably infer the statute would have so declared. * * * We are of the opinion that counsel fees are not allowable under section 1720 of the Code of Civil Procedure.' '' In re Arnold's Estate, 121 Cal. App. 247, 8 Pac. (2d) 897, 898.

''The superior court, acting in probate proceedings, obtains its authority to award costs from the statute, and not by virtue of its general probate jurisdiction.'' In re Olmstead's Estate, 120 Cal. 447, 52 Pac. 804, 806; Henry v. Superior Court, 93 Cal. 569, 29 Pac. 230.

''Attorneys' fees are not, in any proper sense, a part of the costs in a case. 'The measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties.' '' In re Olmstead's Estate, supra.

In the Arnold case, supra, the court, construing Section 1720, Code of Civil Procedure, which is identical with Section 10372, Revised Codes, 1935, specifically held that costs in that statute

did not include attorneys' fees. It would be illogical to argue that costs in Section 10285 did not include attorneys' fees and that in Section 10047, both sections relating to the same subject matter, the word "costs" did include attorneys' fees.

"The allowance of attorneys' fees, if not permissible under the second part of section 10047, a special section referring to will contests, certainly was not allowable under section 10372, a general section; the term 'costs' has the same meaning in both sections." In re Baxter's Estate, 94 Mont. 257, 22 Pac. (2d) 182, 187.

In re Briggs' Estate, 219 Mich. 566, 189 N. W. 14, the court, in speaking of attorneys' fees as a part of costs, said that costs referred to meant costs actually taxable and did not give the court authority to order paid, out of the estate, attorneys' fees.

McKinney's Estate, 112 Cal. 447, 44 Pac. 743, is in point with the questions here involved. A petition was filed to admit a will to probate, contest instituted, and the will admitted. Thereafter a second contest by different contestants was instituted, which was successful, and the order admitting the will was revoked. Upon the filing of an account objections were made. The account included attorneys' fees paid by the parties named as executors and proponents of the will in the first contest. It also included attorneys' fees paid for services rendered to the executors in defending the second contest of the will, in which the order admitting the will to probate was revoked. The account also provided for attorneys' fees in the care, management, and settlement of the estate. The trial court approved that portion of the account allowing attorneys' fees in the care, management, and settlement of the estate, and disallowed attorneys' fees, together with other expenses, in both of the will contests. The appeal was from this order. In deciding the case the appellate court confirmed the trial court's order and construed California Section 1616, which is similar to our Section 10285 relating to the necessary expenses in the care, management, and settlement of an estate, including reasonable fees paid to attorneys for conducting necessary

proceedings in court; also Section 1720, which is identical with Montana Section 10372, and Section 1332, which is identical with Montana Section 10047. The court decided that California Section 1720 (Montana Section 10372) applied as to costs in a will contest instituted prior to the admission of the will to probate and that in the contest of a will subsequent to its admission to probate, Section 1332 (Montana Section 10047) was controlling.

If attorneys' fees in unsuccessfully defending a will contest after its admission to probate could be allowed under Section 10285 as being a part of the necessary expenses in the care, management, and settlement of an estate, the order disapproving that portion of the claim would have been in error. Attorneys' fees allowable under the foregoing section are not discretionary with the court, except as to the amount thereof. If attorneys' fees could have been allowed the executor in defending a successful contest against the will, the court was in error in rejecting that item, the amount of fees not being in question.

In re Dillon's Estate, 149 Cal. 683, 87 Pac. 379, the court held that after a will has been admitted to probate and a contest instituted which is defended by the executor, the costs of the contest are determined by Section 1332 (Montana Section 10047).

In re Carroll's Estate, 59 Mont. 403, 196 Pac. 996, 999, the court said:

"The statute relative to costs upon contest of a will after probate provides: 'If the probate is revoked, the costs must be paid by the party who resisted the revocation, or out of the property of the decedent, as the court directs.'" (Section 10047, Revised Codes, 1935.)

Section 10047, Revised Codes 1935, is the controlling statute in this action. It will be noted that this section and Section 10285 were re-enacted by the legislature without substantial change or alteration subsequent to decisions of this court cited herein determining what items were included in the term

''costs.'' Had the legislature desired, subsequent to the several judicial determinations of the word ''costs,'' that attorneys' fees be chargeable against the estate when a will is revoked, they would have amended the statute, or enlarged it, on one of its many re-enactments.

In all cases examined, where attorneys' fees have been allowed an executor in the unsuccessful defense of a will contest, such allowances have been made in states in which there have been no statutory restrictions relating to costs or attorneys' fees in probate proceedings. It is urged by respondents that an executor, or administrator appointed, is duty-bound to defend the contest; and that, if he is not allowed attorneys' fees in a proper defense of the proceeding, chargeable against the estate, the will would not be properly defended because of the personal liability of the executor for his counsel fees.

Section 10285, Revised Codes, 1935, applies equally to executors and administrators. If, under this section, an executor would be allowed attorneys' fees in the defense of a will contest, an administrator would be allowed attorneys' fees in opposing the admission to probate of an instrument purporting to be a will. Attorneys' fees are not chargeable against the estate when a duly appointed administrator opposes a will offered for probate.

In re Parson's Estate, 65 Cal. 240, 3 Pac. 817, Parsons was appointed administrator of an estate. Subsequently a document was offered for probate as the will of the deceased. The administrator opposed the probate of the document and the court adjudged it not to be the will of the deceased. In and about such contest the administrator employed attorneys and, for their services in the contest, they made a charge. The court held this item not to be a charge against the estate, stating it was the affair of the heirs, as such, to contest the probate of the document, not of the administrator. The latter is an officer to administer the estate for the benefit of those interested, leaving interested parties to settle their own differences.

"An executor or an administrator as such has no part to play in a contest between heirs, devisees, or legatees, disputing regarding the distribution of the estate. As in the case of a contest on distribution, a contest of a will is generally nothing more than a contest between heirs and devisees and legatees for the property of the deceased. * * * 'Will or no will is a question which cannot affect the estate, in this respect, in the slightest degree; but it may be, and generally is, a matter of great interest to those who claim as legatees or devisees under the writing purporting to be a will. * * * The heirs at law or next of kin to the deceased, who are either excluded by the writing from receiving any portion of the estate, or as much of it as they would be entitled to in case of intestacy, are the persons principally interested in opposing the establishment of the writing as a will.' " In re Hite's Estate, 155 Cal. 448, 101 Pac. 448, 451.

"It is safe to assume that parties interested as devisees and legatees will always take the necessary steps, and provide necessary funds, to procure the attendance of witnesses to establish the validity of the will, if it is worthy of probate." (Henry v. Superior Court, 93 Cal. 569, 29 Pac. 230, 232.)

Even though it be the duty of an executor to defend a contest of a will previously admitted to probate, if the contest is successful costs may be chargeable against the executor who resisted the revocation; or, in the discretion of the court, costs may be taken from the assets of the estate. In either event, costs only may be recovered under Section 10047.

This is a statutory proceeding in which the provisions of the statute form the boundaries of the rights of this court.

There is no evidence or contention that there was an abuse of the court's discretion in ordering payment of costs from the assets of the estate. Attorneys' fees are not included within the term "costs" and there is no special statute authorizing payment of attorneys' fees from the assets of the estate in the unsuccessful defense of a will contest.

There is, therefore, stricken from the order appealed from

392

that portion ordering the administrator to pay Haynes, from the assets of the estate, for special and extraordinary services in the defense of the will contest, the sum of $1,000. As herein modified, the order appealed from is affirmed.

In this appeal each party shall pay his own costs.

Mr. Chief Justice Johnson, Associate Justice Cheadle, and C. E. Comer, District Judge (sitting in place of Associate Justice Angstman, disqualified), concur.

Mr. Justice Morris, (dissenting).

I dissent. I am unable to agree that an executor may not, in good faith and for sound reasons, defend the validity of a will at the expense of the estate he represents.

When a testator names an executor in his will it is an expression of trust and confidence in the executor named. The testator expects and the law requires that the executor shall carry into effect the will of the testator as expressed in the document presented for probate. Section 7016, Revised Codes; In re Hauge's Estate, 92 Mont. 36, 9 Pac. (2d) 1065; In re Murphy's Estate, 99 Mont. 114, 43 Pac. (2d) 233. In my judgment it would be an inexcusable breach of trust for the executor to fail to employ necessary counsel to defend the will when attacked and to carry into effect the trust that the testator had placed in his hands. In my view the real intention of sections 10047 and 10285, Revised Codes, is to deprive the incapable and reckless executor from wasting the funds of the estate when there is no substantial grounds upon which the assumption of the invalidity of the will can be based. Notwithstanding decisions to the contrary, particularly those in California, it seems to me absurd to assume that an executor has no right to employ counsel in proper circumstances. Whether the employment of counsel is necessary and whether there is sound reason for defending the will are questions to be determined by the trial court in the first instance and such questions should be determined in all cases in accordance with the exigencies of the particular occasion having due regard for the good faith and sound judgment shown on the part of

the executor. The words used in the case of In re Carroll's . Estate, 59 Mont. 403, 196 Pac. 996, 999, are logical and reasonable. It was there said: "The duty rests upon the executor named in the will to defend it unless it appears that the defense of the will would be fruitless and that the defense cannot be made upon substantial grounds." An executor, of course, cannot defend a will in a court action without employing competent counsel and if an executor in such circumstances is not permitted to make such defense at the expense of the estate, the will of the testator in many cases is very apt to be defeated.

Rehearing denied Sept. 18th, 1945.