FILED

04/27/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0294

DA 20-0294

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 99

THE COMMISSIONER OF POLITICAL PRACTICES FOR
THE STATE OF MONTANA, through JEFFREY MANGAN,
acting in his official capacity as the Commissioner of
Political Practices,

> Petitioner and Appellant,

v.

MONTANA REPUBLICAN PARTY,

> Respondent and Appellee.

APPEAL FROM:     District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDV-2019-987
Honorable Michael F. McMahon, Presiding Judge

COUNSEL OF RECORD:

> For Appellant:
>
> > Jaime E. MacNaughton, Attorney at Law, Helena, Montana
> >
> > Gene R. Jarussi, Heenan & Cook, Billings, Montana
>
> For Appellee:
>
> > Emily Jones, Talia G. Damrow, Jones Law Firm, PLLC, Billings, Montana

> > > Submitted on Briefs:  December 16, 2020
> > >
> > > Decided:  April 27, 2021

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 The Commissioner of Political Practices (COPP) appeals from the order of the First Judicial District Court, Lewis and Clark County, granting the Montana Republican Party's motion for summary judgment, denying COPP's motion for summary judgment, and dismissing COPP's petition for declaratory and injunctive relief. We affirm, addressing the following dispositive issue:

*Did the District Court err in determining COPP lacked authority under § 13-37-111, MCA, to issue a subpoena requiring production of documents relevant to an ongoing investigation of an alleged election law violation?*

## PROCEDURAL AND FACTUAL BACKGROUND

¶2 On July 31, 2018, the Montana Democratic Party filed a campaign finance complaint with COPP, alleging that the Montana Republican Party had failed to comply with the reporting and disclosure requirements of § 13-37-229, MCA during 2016, 2017, and 2018. COPP commenced an investigation and informally requested that the Montana Republican Party produce documents relevant to the investigation. The Montana Republican Party refused to produce any documents other than the campaign finance reports that it had already publicly filed in 2016.

¶3 On June 12, 2019, COPP issued a Subpoena for Production of Documents, commanding the Montana Republican Party to produce specified documents relating to the Montana Republican Party's campaign practices and expenditures from 2016 to 2018. COPP issued the subpoena pursuant to the authority of § 13-37-111(2)(c), MCA, and indicated that Rule 45, M. R. Civ. P., provided the procedure for responding to the subpoena.

2

¶4      When the Montana Republican Party failed to produce the requested documents by the July 12, 2019 deadline, COPP petitioned the District Court to compel the Montana Republican Party's compliance with the subpoena. Pursuant to the Montana Uniform Declaratory Judgments Act, § 27-8-101, MCA, et seq., COPP petitioned the District Court to: (1) award declaratory relief, holding that the Montana Republican Party must comply with the subpoena pursuant to § 13-37-111, MCA; and (2) enter an injunction directing the Montana Republican Party to refrain from its refusal to comply with the subpoena.

¶5      The parties filed cross-motions for summary judgment. The District Court granted summary judgment to the Montana Republican Party, denied COPP's motion for summary judgment, and dismissed COPP's petition. The District Court held:

> Montana Code Annotated § 13-37-111 simply does not confer COPP with the statutory authority to issue subpoenas for documents. It may examine documents, Mont. Code Ann. § 13-37-111(2)(b), or require the production of documents, Mont. Code Ann. § 13-37-111(2)(c) but not subpoena documents.

.      .      .

> COPP has the authority to require the production of documents under Mont. Code Ann. § 13-37-111(2)(c), and COPP may ask a Court to compel that production pursuant to Mont. Code Ann. § 13-35-108. Notwithstanding, however, that is not what COPP requested in its Petition or in its summary judgment motion. COPP asked the Court to compel compliance with a documentary subpoena that the relied upon statute does not authorize. Consequently, this Court will not utilize Mont. Code Ann. § 13-35-108 to compel compliance with COPP's June 12, 2019 invalid documentary subpoena.

**STANDARDS OF REVIEW**

¶6      We review a district court's grant or denial of summary judgment de novo, applying the criteria outlined in M. R. Civ. P. 56. *City of Missoula v. Fox*, 2019 MT 250, ¶ 6,

3

397 Mont. 388, 450 P.3d 898. "Summary judgment is appropriate only when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." *Town & Country Foods, Inc. v. City of Bozeman*, 2009 MT 72, ¶ 12, 349 Mont. 453, 203 P.3d 1283; M. R. Civ. P. 56(c)(3). Where a district court determines there is no material factual dispute and the moving party is entitled to judgment as a matter of law, we review whether the district court correctly applied the law. *Mont. Immigrant Justice Alliance v. Bullock*, 2016 MT 104, ¶ 14, 383 Mont. 318, 371 P.3d 430. "The correct interpretation of a statute is a question of law that we review de novo." *Bates v. Neva*, 2014 MT 336, ¶ 9, 377 Mont. 350, 339 P.3d 1265.

## DISCUSSION

*Did the District Court err in determining COPP lacked authority under § 13-37-111, MCA, to issue a subpoena requiring production of documents relevant to an ongoing investigation of an alleged election law violation?*

¶7 The question of whether § 13-37-111, MCA, authorizes COPP to issue a subpoena for production of documents is a matter of statutory construction. When interpreting statutes, our role is "simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA. "We construe statutes 'according to the plain meaning' of their language." *Comm'r of Political Practices for Mont. v. Wittich*, 2017 MT 210, ¶ 19, 388 Mont. 347, 400 P.3d 735 (quoting *Fellows v. Saylor*, 2016 MT 45, ¶ 21, 382 Mont. 298, 367 P.3d 732).

¶8 Section 13-37-111, MCA, provides that "[COPP] is responsible for investigating all of the alleged violations of the election laws contained in chapter 35 of this title or this

4

chapter and in conjunction with the county attorneys is responsible for enforcing these election laws." In furtherance of its investigatory responsibilities, COPP may:

> Administer oaths and affirmations, *subpoena witnesses*, compel their attendance, take evidence, and *require the production* of any books, papers, correspondence, memoranda, bank account statements of a political committee or candidate, or other records that are relevant or material for the purpose of conducting any investigation pursuant to the provisions of chapter 35 of this title or this chapter.

Section 13-37-111(2)(c), MCA (emphasis added).

¶9 By its plain language, § 13-37-111(2)(c), MCA, enumerates a list of discrete investigative powers. The statute states that the COPP may "subpoena *witnesses*" and "require the production" of relevant documents. Section 13-37-111(2)(c), MCA (emphasis added). The word "subpoena" only appears once in the language of the statute, immediately preceding the term "witnesses." Nevertheless, COPP asserts that its authority to "require the production" of documents includes or implies the authority to issue a subpoena for the production of documents. We disagree.

¶10 When the Legislature does not use identical language in different provisions of a statute, it is proper for us to assume that a different statutory meaning was intended. *Zinvest, LLC v. Gunnersfield Enters.*, 2017 MT 284, ¶ 26, 389 Mont. 334, 405 P.3d 1270 (citing *Gregg v. Whitefish City Council*, 2004 MT 262, ¶ 38, 323 Mont. 109, 99 P.3d 151 ("Different language is to be given different construction."); *In re Kesl's Estate*, 117 Mont. 377, 386, 161 P.2d 641, 646 (1945) (citations and internal quotations omitted) ("It is a settled rule of statutory construction that, where different language is used in the

same connection in different parts of a statute, it is presumed the legislature intended a different meaning and effect.")).

¶11     The Legislature used different language within § 13-37-111(2)(c), MCA, to provide distinct COPP powers of investigation into witnesses from those into documents. The statute expressly states that COPP may "subpoena *witnesses*." Section 13-37-111(2)(c), MCA (emphasis added). Nowhere in § 13-37-111, MCA, does it state that COPP may issue a subpoena for production of documents. Instead, when COPP seeks access to documents, it may "*require the production* of any books, papers, correspondence, memoranda, bank account statements . . . or other records. . . .'" Section 13-37-111(2)(c), MCA (emphasis added). If the Legislature had intended to provide COPP with authority to subpoena documents, it could have expressly used the term "subpoena" in connection with documents. It did not. Instead, the statute authorized COPP to "require the production." As the District Court observed, there is an avenue to compel that production via court order pursuant to § 13-35-108, MCA. However, the plain language of § 13-37-111(2)(c), MCA, does not provide for documentary subpoena power and this Court will not insert a term that the Legislature has omitted.

¶12     COPP urges this Court to compare § 13-37-111, MCA, to other statutes governing administrative agencies, relying on analogy to the subpoena power of the Montana Human Rights Division. *See, e.g., Montana Human Rights Div. v. City of Billings*, 199 Mont. 434, 649 P.2d 1283 (1982). But "[w]hen statutory language is clear and unambiguous, we must discern and effect legislative intent from the plain meaning of the language used without further resort to means of statutory construction." *Larson v. State*, 2019 MT 28, ¶ 28, 394

6

Mont. 167, 434 P.3d 241. "If the intent of the legislature can be determined from the plain meaning of the words used in the statute, the plain meaning controls, and this Court need go no further nor apply any other means of interpretation." *Mont. Vending, Inc. v. Coca-Cola Bottling Co.*, 2003 MT 282, ¶ 21, 318 Mont. 1, 78 P.3d 499 (citations omitted). The plain meaning of § 13-37-111, MCA, does not provide documentary subpoena power. Therefore, we do not consider other means of statutory interpretation.

¶13 COPP argues that a subpoena is the "only means with real teeth" by which it can implement its authority to "require the production" of documents, and the District Court abrogated COPP's investigative powers by refusing to recognize its authority to issue subpoenas. We disagree.

¶14 Section 13-35-108, MCA, provides the avenue by which COPP may implement its investigative powers. "In any action brought under the election laws of this state, the appropriate district court may enjoin any person to prevent the doing of any prohibited act or to compel the performance of any act required by the election laws." Section 13-35-108, MCA. "Section 13-35-108, MCA is a broadly applicable remedy expressly provided by the Legislature for enforcement of the provisions of Title 13, MCA." *Larson*, ¶ 32. The District Court correctly observed that while § 13-37-111(2)(b), MCA, authorizes the examination of documents, and § 13-37-112(2)(c), MCA, authorizes the production of documents, § 13-35-108, MCA, is the statute that, to use COPP's words, provides the "teeth" by which COPP can implement that authority.

¶15 The District Court observed that "COPP has the authority to require the production of documents under Mont. Code Ann. § 13-37-111(2)(c), and COPP may ask a [c]ourt to

7

compel that production pursuant to Mont. Code Ann. § 13-35-108." However, COPP's statutory authority to "require the production" of documents does not include the authority to issue a documentary subpoena. Pursuant to § 13-35-108, MCA, COPP may invoke the jurisdiction of the District Court to compel the production of documents relevant to an ongoing election law investigation, thus providing due process and judicial oversight over the production. As the District Court noted:

> COPP's broad investigation authority is not boundless. It is subject to judicial oversight particularly when those it investigates are subjected to unlawful document subpoena oppression. Such judicial oversight involves the balance of powers between the judicial branch and the executive branch's election related prosecutorial arm.

Expounding on the District Court's point, the Montana Republican Party observed:

> If COPP can issue election-related subpoenas, COPP would be both the subpoenaing party *and* the issuer of the subpoena. This raises due process concerns which includes the right to an impartial tribunal. *See Clements v. Airport Auth.*, 69 F.3d 321, 333 (9th Cir. 1995) (citing *Ward v. Village of Monroeville*, 409 U.S. 57 (1972)) ("At a minimum, Due Process requires a hearing before an impartial tribunal."). [A] COPP-subpoenaed party entitled to due process can only protect that right by refusing to comply with the subpoena in the first instance so an impartial tribunal, like a court, can be engaged to review the subpoena and compel compliance or otherwise resolve any disputes surrounding the subpoena. (Emphasis in original.)

The Montana Republican Party's point is well-taken. Whenever a government entity seeks to exercise the power of the state to compel an individual—or in this case a political party—to relinquish documents or to appear for examination, due process concerns are necessarily implicated, which in turn necessarily implicates judicial oversight. Even assuming, for the

8

sake of argument, that COPP had the authority to *issue* the subpoena,[1] this still would not give it carte blanche to compel the materials sought without judicial oversight ensuring it is entitled to all, or even some, of the sought-after materials. To hold otherwise would vest unfettered power over the citizenry of this State in a single branch of government, contrary to our well-enshrined system of checks and balances.

## CONCLUSION

¶16 The District Court did not err in determining that COPP lacked authority under § 13-37-111, MCA, to issue a subpoena for production of documents.

¶17 The District Court did not err in granting summary judgment in favor of the Montana Republican Party.

¶18 The District Court did not err in dismissing the COPP's petition for declaratory and injunctive relief.

¶19 We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR

---

[1] The Montana Republican Party argues § 13-37-111(2)(c), MCA, does not give COPP the right to issue election-related investigative subpoenas under its own authority, but rather must seek the subpoena "in the name of [an appropriate] court, subjecting both the subpoena and those subpoenaed to that court's authority and oversight." Since the subpoena at issue in this case was strictly for the production of documents, and we are affirming the District Court's order that § 13-37-111(2)(c), MCA, standing alone, does not confer that right, we need not address this issue.

9